COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
225 Bush Street, Suite 1600
San Francisco, CA 94104
Direct: 415.439.8347
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
JUDITH SOSA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. 08-0730 WHA |
|---|---|
| Plaintiff, | MOTION TO UNSEAL DOCUMENTS, OR IN THE ALTERNATIVE, TO OBTAIN ORDER SETTING FORTH BASES FOR SEALING AND TERMS OF SEALING; MEMORANDUM IN SUPPORT THEREOF |
| v. | Date:     March 17, 2009<br>Time:    2:00 p.m.<br>Location: Courtroom 9 |
| IVAN CERNA, et al. | |
| Defendants. | Before the Honorable William H. Alsup<br>United States District Judge |

TO: JOSEPH P. RUSSONIELLO, UNITED STATES ATTORNEY and WAI SHUN WILSON LEUNG, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on March 17, 2009 at 2:00 p.m., or as soon thereafter as she may be heard, defendants Judith Sosa, Cesar Alvarado, Angel Guevara, Moris Flores, Jonathan Cruz-Ramirez, Rodil Nochez, Melvin Maldonado, Guillermo Herrera, Raphael Montoya, John Briez, Walter Chinchilla Linar, Walter Palma, Ivan Cerna, Aristides Carcamo, and Marvin Carcamo, by and through their counsel, will and do hereby move this Court to enter an Order unsealing documents in this matter, or in the alternative, setting forth the bases for sealing and the terms of sealing.

**MOTION**

Judith Sosa, Cesar Alvarado, Angel Guevara, Moris Flores, Jonathan Cruz-Ramirez, Rodil Nochez, Melvin Maldonado, Guillermo Herrera, Raphael Montoya, Ivan Cerna, John Briez, Walter Chinchilla Linar, Walter Palma, Aristides Carcamo, and Marvin Carcamo, by and through their counsel, move this Court pursuant to the Due Process Clause of the Fifth Amendment and the Confrontation Clause of the Sixth Amendment to the United States Constitution and all other applicable case law and statutes for an Order unsealing documents, or in the alternative, setting forth for each individual document the bases for sealing and the terms of sealing.

This motion is based on the instant notice of motion and motion, the attached memorandum of points and authorities, the Declaration of Ethan A. Balogh filed herewith, the Clerk's record, and any and all other materials that may come to this Court's attention at the time of the hearing of this motion.

The signer of this pleading attests that he has authority to submit this pleading on behalf of Messrs. Alvarado, Guevara, Flores, Cruz-Ramirez, Nochez, Herrera, M. Carcamo, A. Carcamo, Cerna, Maldonado, Briez, Linar, Palma, and Montoya.

Respectfully submitted,

COLEMAN & BALOGH LLP

DATED: March 3, 2009

*/s/ E A Balogh*
By: ETHAN A. BALOGH
225 Bush Street, Suite 1600
San Francisco, CA 94104

Attorneys for Defendant
JUDITH SOSA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Clerks's Record in this matter reflects that 17 documents have been filed under seal in this matter. *See* Docket Nos. 154, 155, 183, 173, 172, 184, 185, 186, 208, 209, 213, 212, 221, 222, 223, 224, and 231.[1]  Each of these documents have been filed *ex parte*, at least with respect to the moving defendants (hereafter "Movants"). Declaration of Ethan A. Balogh ("Balogh Decl.") ¶ 2. Three of these documents identify a particular co-defendant as its subject, *see* Docket Nos. 154 ("Sealed Document as to Abraham Martinez"), 155 ("Sealed Document as to Manuel Franco"), 173 ("Sealed Document as to Carlos Garrido"), one identifies that it relates to all defendants then under indictment, *see* Docket No. 186, and the remaining 13 filings contain no reference to any person. *See* Docket Nos. 183 ("Sealed Document"), 172 (same), 184 (same), 185 (same), 208 (same), 209 (same), 213 (same), 212 (same), 221 (same), 222 (same), 223 (same), 224 (same), 231 (same).

Upon receipt of the first of these sealed filings, Ms. Sosa asked the government to provide some information about its bases to file these materials *ex parte* and under seal. Balogh Decl. Ex. A. The government declined. *Id*. Ex. B. Other counsel has made similar inquiries of the government, and similarly has been turned away. *Id*. ¶ 2. In the past month, the government has more than doubled the number of under seal, *ex parte* filings in this case.

We begin with the presumption that the defendants in a criminal action, as well as the public, have a right of access to documents filed in the proceeding. *See CBS, Inc. V. U.S. Dist. Court for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985). As this Court explicitly recognizes, "[a]s a public forum, the Court has a policy of providing to the public full access to papers filed in the Office of the Clerk." Civil Local Rule 79-5, commentary.[2]  To seal documents from the public, this Court must determine whether "'(1) closure serves a compelling interest; (2)

---

[1] Rather than list these documents sequentially, Movants lists them in the chronological order in which they are reflected on the Clerk's Docket.

[2] Criminal Local Rule 55-1(b) makes the civil local rules regarding the filing of sealed documents applicable to criminal cases.

there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *In re Copley Press, Inc*. 518 F.3d 1022, 1028 (9th Cir. 2008) quoting *Oregonian Publ'ng Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990).   The sealing at issue in this case requires a greater showing, because the materials have not only been sealed from the public, but have been sealed from the litigants, a circumstance that has removed the fundamental protections contemplated by the adversary process. *See United States v. Abuhamra*, 389 F.3d 309, 328-29 (2d Cir. 2004).  In *Abuhamra*, the Second Circuit addressed the question of whether a court could rely on *ex parte* evidence in opposition to bail release.  The Court first noted that to withhold materials from the defense, the government and the trial court must satisfy the factors outlined by the Supreme Court in *Waller v. Georgia* with respect to closing criminal proceedings from the public, which it recited as follows: "(1) 'the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced'; (2) 'the closure must be no broader than necessary to protect the interest,' (3) 'the trial court must consider reasonable alternatives to closing the proceeding,' and (4) 'it must make findings adequate to support closure.'"  389 F.3d at 329 quoting *Waller*, 467 U.S. at 48.  Further, because the materials had been sealed from the defendant in addition to the public, the Court added two requirements which would apply "on [those] rare occasions, [where] extraordinary circumstances might warrant receipt of *ex parte* evidence in opposition to bail release[,]" as follows: (1) "disclosure to the defendant of the gist or substance of the government's *ex parte* submission," and (2) "careful scrutiny by the district court on the reliability of the *ex parte* evidence." *Id*. *See also United States v. Acceturro*, 783 F.2d 382, 392 (3d Cir. 1986) (stating that review of *ex parte* submission may be sanctioned "only when there has been a most compelling need"); *United States v. Acevedo-Ramos*, 755 F.2d 203, 206 (1st Cir. 1985) (Breyer, J.) (Noting that *ex parte* submissions are permissible only "in the very unusual case in which strong special interests warrant confidentiality").  Movants ask the Court to evaluate and meet each of *Abuhamra* factors when addressing this motion and determining whether these documents should continued to be sealed from the defense. Obviously, Movants cannot assess whether the sealing of these documents from them will

impede their defenses because they know nothing about why these materials have been sealed, what they contain, and when (if ever) they will be permitted to review them. At a minimum, the Court should present to the defense the general nature of these sealed documents and the bases for keeping them from them.

Based on this recitation, it should be clear that Movants recognize that there exist rare occasions that permit *ex parte* filings, and there exist rare occasions that support the sealing of documents from the public. Civil Local Rule 79-5 contemplates that documents may be filed under seal, and thus closed to inspection by the public, pursuant to a Court order that is narrowly tailored to seal only material "entitled to protection under the law." So too, Criminal Local Rule 47-3 contemplates the filing of motions *ex parte*, although the rule requires notice to the opposing party unless such notice is excused "by order of a Judge for good cause shown." In other words, while there exist procedures to seal materials from a litigant, the litigant should be apprised of the ruling at a minimum. *See United States v. Gurolla*, 333 F.3d 944, 951 n. 7 (9th Cir. 2003); *Abuhamra*, 389 F.3d at 329. There are no such rulings available to Movants in this matter.

Even without such a ruling, the Court's local rules discussed above appear to have been in play with respect to the filing of the second superseding indictment in this matter. That pleading was filed *ex parte* and under seal on January 30, 2009, and was then unsealed by Court order on February 3, 2009. *See* Docket Nos. 187, 195. As this example shows, however, the sealing of that pleading was for a limited time, and now the defendants and the public can review and understand the formerly-sealed document. But whether the 17 documents addressed by this motion should remain (1) sealed from the defendants, (2) sealed from the public, and (3) if so, indefinitely or for a set period of time, cannot be answered by the parties from whom these materials have been shielded.

At a minimum, Movants ask the Court for an Order either setting forth the bases for sealing *each* of these documents or ordering them unsealed. If the Court rules that each or any of these documents should be sealed from the defendants in this case, the Court should also describe the nature of *each* sealed document and the specific findings that support *ex parte* sealing of *each*

document, so that they may understand the Court's ruling, and either now or in the future articulate a more particularized request for unsealing.  For example, where documents reveal "ongoing investigations" or present "a substantial probability that unsealing information contained therein will endanger" people whose names appear in the materials, such finding would support sealing such documents from the public.  *In re Copley Press, Inc*. 518 F.3d at 1028-30.  If that is the case for some or all of the sealed documents at issue, there would be no threat to the confidentiality of the sealed information by the issuance of an Order setting forth the legal grounds for sealing.  Moreover, to the extent that the government's *ex parte* requests to seal these materials from the defense are founded on concerns of "witness safety," that issue should be subject to adversarial litigation.  Movants dispute that they present any threat to any witness who may testify in this matter, and an *ex parte* finding that disclosure to the defendants would endanger any person implies a finding of dangerousness against all defendants.  To be plain, such a finding is unfairly prejudicial to the defendants in this action, and one that should be tested by the adversarial process.  Further, any such basis to seal documents *ex parte* from defendants would be over broad and not narrowly tailored to meet any asserted governmental interest, because producing such documents to defense counsel on an "attorneys' eyes only" basis would protect any "witness safety" issue the government can demonstrate by a preponderance of the evidence.  Given the *ex parte* sealing at issue, Movants do not know if this is the basis for the sealing.  But if that is the case, Movants object to being precluded from testing the government's "evidence" on this point.  If the government has asserted "witness safety" as a ground to seal any of these documents, Movants ask the Court to require the government to litigate this question in an adversarial setting now.

      Similarly, it would be "improper for the prosecution to make, or for the court to receive from the prosecution, *ex parte* communications bearing on a sentence."  *United States v. Reese*, 775 F.2d 1066, 1076 (9th Cir. 1985).  If these materials contain information that would bear on sentencing in this matter, the Court should set a time for them to be unsealed at the latest.  Of course, depending on the nature of these documents, production to movants might be required even earlier, *e.g.*, if they contain *Brady-Giglio* material, they should be produced immediately.

As another example, because the defendants' rights to counsel have attached, "the government is forbidden from deliberately enticing incriminating statements from the defendant[s]." *Randolph v. California*, 380 F.3d 1133, 1143 (9th Cir. 2004) citing *Massiah v. United States*, 377 U.S. 201, 206 (1964). "This prohibition has been extended to the use of jailhouse informants who relay incriminating statements from a prisoner to the government." *Randolph*, 380 F.3d at 1143. Accordingly, if these materials relate to or reference any cooperation agreements between one or more co-defendants with the government, it would not be proper to permit these undisclosed cooperating defendants to continue to be housed with non-cooperating defendants or to be transported to Court jointly with non-cooperating defendants based on the likely *Massiah* violations that would result.[3] Under that circumstance, such materials should be unsealed now. Even if the Court disagrees with the need for immediately unsealing of such materials under those circumstances, the Court should put in place measures to guard against any interaction between defendants working with the government, on the one hand, and the remaining defendants on the other.

Of course, Movants emphasize that they have no idea about what these *ex parte* sealed materials contain, and raise these issues to suggest possibilities, while fully cognizant that many other possibilities exist and might better characterize the sealed materials. By this motion, Movants raise no allegation of misconduct by any party. Rather, this pleading seeks to make clear the ever-increasing dangers associated with the filing of documents *ex parte*. Because movants have been excluded from participating in the Court's decision to seal a large (and growing) number of filings, they seek relief to assure their constitutional right to access and their ability to answer substantively the allegations raised in this matter.

For these reasons, Movants respectfully asks the Court to enter an Order setting forth its decision to seal these documents from defendants or to order them unsealed, and setting forth for

---

[3] Most of the defendants in this case have entered a Joint Defense Agreement, and representatives of that group met with the government in November 2008, informed the government of the JDA, and made broached concerns about potential *Massiah* violations in this case. Balogh Decl. ¶ 4.

5

*each* sealed document the nature of the document, the bases for sealing each document, and the length of time each particular document will remain sealed from defendants. Movants do not request that these documents be unsealed to the public by this motion, but reserve the right to seek such relief should the facts and law so warrant.

          Respectfully submitted,

          COLEMAN & BALOGH LLP

          */s/ E A Balogh*
          By: ETHAN A. BALOGH
          225 Bush Street, Suite 1600
          San Francisco, CA 94104
          Direct: (415) 439-8347

          Attorneys for Defendant
          JUDITH SOSA

**CERTIFICATION**

This pleading is submitted on behalf of Judith Sosa, Cesar Alvarado, Angel Guevara, Moris Flores, Jonathan Cruz-Ramirez, Rodil Nochez, Guillermo Herrera, Raphael Montoya, John Briez, Melvin Maldonado, Walter Chinchilla Linar, Walter Palma, Ivan Cerna, Aristides Carcamo, and Marvin Carcamo. By signing this pleading on behalf of additional parties as set forth above, counsel attests that he has been authorized to do so by the counsel-of-record for each of the named individuals.