# EXHIBIT A

Application for Search Warrant and Supporting Affidavit by
Christopher Merendino dated 10/20/2008

AO 106 (Rev. 1/87) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

949 Connecticut Street, San Francisco, California, More Particularly Described in Attachment A

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

Case Number: 3 08 78477 MEJ

I, Jenn Hao _____ being duly sworn depose and say:

I am a(n) Special Agent, Immigration and Customs Enforcement _____ and have reason to believe
Official Title

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

See Attachment A

in the Northern _____ District of California

there is now concealed a certain person or property, namely (describe the person or property to be seized)

See Attachment B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

evidence, contraband, fruits and instrumentalities of the commission of a criminal offense

concerning a violation of Title 18 _____ United States Code, Section(s) 1425 1546 1544

The facts to support a finding of probable cause are as follows:

See Affidavit

Continued on the attached sheet and made a part hereof.      ☒ Yes   ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

July 25, 2008 _____ at San Francisco, CA
Date                                       City          State

Hon. Maria-Elena James    U.S.M.J.
Name of Judge             Title of Judge

_____
Signature of Judge

UW0001

_ On or about December 31, 2007, the Border Patrol CRUZ-RAMIREZ near Nogales, Arizona, near the United States-Mexican border, without any immigration documents permitting his presence in the United States. Following this determination, CRUZ-RAMIREZ was subject to an expedited removal proceeding pursuant to 8 C.F.R. Section 235.3(b)(1). Following that proceeding, the Border Patrol Agent determined that CRUZ-RAMIREZ was excludable and ordered him removed.

h. The accompanying Notice of Removal / a partial view that issued as pursuant to CRUZ-RAMIREZ, ordered removed and that he was barred from the United States for a period of five years and warned him that illegally re-entering the United States was criminal violation of Title 8, United States Code, Section 1326. CRUZ-RAMIREZ signed this Notice on or about January 2, 2008, affixed one of his fingerprints to it, and was allowed to walk back to Mexico. This Notice also contained a photograph of CRUZ-RAMIREZ.

9. I am familiar with the photograph affixed on the Notice to Alien Ordered Removed/Departure Verification for JONATHAN CRUZ RAMIREZ and have seen an individual in fact that this is appears to be JONATHAN CRUZ-RAMIREZ. Indeed, approximately three weeks ago, I spoke with this individual and he identified himself to me as "Jonathan Cruz Moreno". I have reviewed criminal records for an individual named "Jonathan Cruz" which is the same date of birth as JONATHAN CRUZ-RAMIREZ. Moreover, I assured from a police officer with the SFPD's Gang Task Force that the individual who identified himself to me as "Jonathan Cruz" three weeks ago was detained briefly by the police but not charged with any crime. "Jonathan Cruz" identified himself again as "Jonathan Cruz" and stated that he lived at the PREMISES.[1]

## PROBABLE CAUSE TO SEARCH THE PREMISES

12. Based on the following criminal records for JONATHAN CRUZ-RAMIREZ that I have presently in production. [reviewed] property in or about November 28, 2008 according to his production records, he resided at the PREMISES.

13. I learned from members of the SFPD who have seen the PREMISES that it is a unit in a multi-unit dwelling located on a certain Street. The PREMISES is clearly marked with

---

[1]  The SFPD did not immediately report the detention of "Jonathan Cruz" to ICE because there was concern that doing so would violate San Francisco's "sanctuary city" policies.

2

SFV0003

the number "940" affixed above the line; and the JACoMINUS mark typenified names and sin, as described in Attachment A hereto, which are incorporated fully by reference herein

v.   Based on my experience and training, I know that illegal aliens often possess and use fraudulent and counterfeit documents in order to come into the United States illegally and live in the United States. This is particularly true for illegal aliens who have criminal convictions, such as JONATHAN CRUZ-RAMIREZ, who, because of their criminal records, would attract attention of law enforcement officers at border crossings, as well as at any location where they live, to interact with law enforcement or other governmental personnel. Based on my experience and training, I know that such fraudulent and counterfeit documents include, by way of example, false driver's licenses, Green cards, passports, and birth certificates. Indeed, based on my experience and training, I know that there are falsely affiliated individuals who refer to themselves as persons who sell high-quality counterfeit identification documents in San Francisco, often to illegal aliens with criminal history. Moreover, based on my experience and training, I know that illegal aliens in possession of fraudulent and counterfeit documents, when not carrying such fraudulent items, generally keep these items at their residences, usually hidden until they are needed because of these documents' importance to showing them to law enforcement or other governmental personnel. Furthermore, based on my experience and training, I know that illegal aliens generally keep their real identification and immigration and birth records in their homes instead of on their persons in order to keep these documents secure while ensuring that these documents do not incriminate them.

11.  Accordingly, based on the foregoing, I respectfully submit that there is probable cause to believe that the PREMISES of JONATHAN CRUZ-RAMIREZ presently contains fraudulent and counterfeit documents such as false identifications, immigration documents, passport and birth certificates, and other items set forth in Attachment H (incorporated in July by reference herein), all of which constitute evidence, instrumentalities, and fruits of CRUZ-RAMIREZ's violation of Title 8, United States Code, Section 1326, as well as a provable of other statutes, including Title 18, United States Code, Sections 1028 (fraudulent identification documents) and 1546 (fraudulent immigration documents). Based on my experience and training, I know that such items are often contained in closed and/or locked containers, and respectfully request, among such, to open and search such items in order to determine their relevance.

## REQUEST TO SEAL THIS APPLICATION

13.  Based on my experience and training, I believe that if the contents of this Affidavit be made public, the contents would jeopardize this investigation by permitting the targets of this investigation to destroy evidence, notify accomplices, or flee from prosecution. For

5

399/5534

for foregoing reasons, and because this is an ongoing investigation, I request that this Application be sealed in its entirety until further order of the Court.

## CONCLUSION

12. For the foregoing reasons, I respectfully submit that there is probable cause to believe that **JONATHAN CRUZ-RAMIREZ** is in violation of Title 8, United States Code, Section 1326, and that the **PREMISES** presently contains evidence, instrumentalities, and fruits of that violation, as well as violations of other federal law. I respectfully request that an arrest warrant be issued for **CRUZ-RAMIREZ** and that a search warrant be issued for the **PREMISES.**

JASON REED
Special Agent
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 25th day of July, 2008

HONORABLE MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

4

Attachment A

Description of the **PREMISES** to be Searched

The **PREMISES** to be searched is a unit in a multi-unit dwelling located on Connecticut Street near Wisconsin Street in San Francisco. The **PREMISES** itself is clearly marked with the number "340" affixed above the door. The door itself is blue, and the building is painted orange and tan.

SW300F

Attachment B

Items to be Seized

1.  Any and all documents relating to identity, including such documents as driver's licenses, identification cards, passports, credit cards and bank cards, and birth certificates.

2.  Any and all documents relating to immigration and naturalization, including such documents as green cards (i.e., permanent alien resident cards), Social Security cards, passports, and naturalization applications/certificates.

3.  Any and all documents constituting indicia of habitation, ownership, and/or control of the PREMISES, including bills, correspondence, leases, and rental agreements.

SW0007

# United States District Court

NORTHERN _____ **DISTRICT OF** _____ CALIFORNIA

In the Matter of the Search of

**SEARCH WARRANT**

CASE NUMBER

3  08  70477 **MEJ**

TO: Special Agent Jason Rod _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by _Jason Rod_ who has reason to

believe that ☐ on the person of or ☑ on the premises known as (name, description and/or location)

See Attachment A

In the Northern _____ District of California _____ there is now

concealed a certain person or property, namely

See Attachment B

which constitutes evidence, contraband, fruits, and instrumentalities of a criminal offense

in a criminal violation(s) of Title 18 _____ , United States Code, Section(s) 1028/1028A, 1546.
I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property
so described is now concealed on the person or premises above described and establish grounds for the issuance of this
warrant.

YOU ARE HEREBY COMMANDED to search on or before _July 30, 2008_

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search (in the daytime-6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause has
been established) and if the person or property be found there to seize same, leaving a copy of this warrant and
receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly
return this warrant to _Duty U.S. Magistrate Judge_ as required by law.

U.S. Judge or Magistrate Judge

_July 23, 2008_ at _____ nm _____ at _San Francisco, California_
Date and Time Issued

_HON. MARIA ELENA JAMES, U.S.M.J._
Name and Title of Judicial Officer

Signature of Judicial Officer

swornb

AO 93 (Rev. 3/88) Search Warrant

| RETURN | | |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

**CERTIFICATION**

I swear that this inventory is true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

U.S. Judge or Magistrate                    Date

SW0000U

Attachment A

Description of the PREMISES to be Searched

The **PREMISES** to be search is a unit in a multi-unit dwelling located on Connecticut Street, near Wisconsin Street in San Francisco. The **PREMISES** itself is clearly marked with the number "94V" affixed above the door. The door itself is blue, and the building is painted orange and tan.

SW00010

Attachment B

Items to be Seized

1.   Any and all documents relating to identity, including such documents as driver's licenses, identification cards, passports, credit cards and bank cards, and birth certificates.

2.   Any and all documents relating to immigration and naturalization, including such documents as green cards (i.e., permanent alien resident cards), Social Security cards, passports, and naturalization applications/certificates.

3.   Any and all documents constituting indicia of habitation, ownership, and/or control of the PREMISES, including bills, correspondence, leases, and rental agreements.

SW0011

**RETURN**

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| July 25, 2008 | July 25, 2008 / 1900 Hrs | Juana Mayolae Ramirez Villanueva |

INVENTORY MADE IN THE PRESENCE OF
Special Agent Ben Horton

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

INVENTORY OF PROPERTY TAKEN ENTRY AT 945 CONNECTICUT STREET, SAN FRANCISCO, CA 94107 IS AS FOLLOWS:

1. Identification Cards / Bedroom (#4)
2. Identification Cards and Docs / Bedroom #4 Closet (#5)
3. Bedroom (#3)  Copy of CDL / SSN Card / Resident Alien Card
4. Bedroom (#4) Closet (#5) Bear Arms Mulkrew 9/18 Handgun (Serial # BB68M)
5. Bedroom (#4)  Documents containing names "Tricha" and "Walter Palms"
6. Bedroom (#4)  Cell Phone / Samsung Model S/ H-A643

---

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant

Subscribed, sworn to, and returned before me this date.

_____          MARIA-ELENA JAMES          2-29-08
U.S. Magistrate Judge                                            Date

SW00017

AO 106 (Rev. 5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

845 Connecticut Street, San Francisco, California, More
Particularly Described in Attachment A

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

Case Number: 3 - 08 - 70478

**SEALED
BY COURT ORDER**

**MEJ**

I, Jason Reel _____ being duly sworn depose and say:

I am a(n) Special Agent, Immigration and Customs Enforcement _____ and have reason to believe
Official Title

that □ on the person of or ☑ on the property or premises known as (name, description and/or location)

See Attachment A

in the Northern _____ District of California _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

See Attachment B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

evidence, contraband, fruits and instrumentalities of the commission of a criminal offense

concerning a violation of Title 18 _____ United States Code, Section(s) 1956(a) and 1954

The facts to support a finding of probable cause are as follows:

See Affidavit

Continued on the attached sheet and made a part hereof.      ☑ Yes     □ No

Approved
As To W B Milano Leung
Form AUSA

Signature of Affiant

Sworn to before me and subscribed in my presence,

July 25 2008 _____ at San Francisco _____ CA
Date                                                          City                              State

Hon. Maria-Elena Jaman          U.S.M.J.
Name of Judge                   Title of Judge                 Signature of Judge

SW0013

## AFFIDAVIT OF JASON REB

I, JASON REB, Special Agent with Immigration and Customs Enforcement, being duly sworn, do declare and state:

1. I am a Special Agent with Immigration and Customs Enforcement ("ICE") and have been employed since 2004. I am presently assigned to ICE's San Francisco office, where I investigate violations of federal law, both criminal and immigration crimes committed by street gangs, as well as violation of immigration law. During my career I have received training on a variety of law enforcement subjects including immigration enforcement, violent crimes, gangs, sex trafficking. Through my career as a member of the gang unit, I have also investigated and participated in numerous investigations of immigration offenses and have participated in the execution of numerous search warrants. The information set forth below is based on my own investigation of this conversations I have had with other law enforcement officers and from reviewing law enforcement documents.

2. This Affidavit is made, pursuant to Federal Rule of Criminal Procedure 41, in support of a warrant to search the premises known and described as 919 Connecticut Street, San Francisco, California (the "PREMISES"), in the Northern District of California, which is the home of Jonathan Cruz-Ramirez. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a search warrant, I have not included each and every fact known to me regarding this investigation. Rather, I have set forth only the facts that I believe are necessary to support a search of the PREMISES.

3. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documentation records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

**Background: The Prior Search Warrant Issued On July 25, 2008**

4. Earlier today, July 25, 2008, the Honorable Patrick Hone James granted a warrant to search the PREMISES for evidence, instrumentalities, and fruits of violations of Title 8, United States Code, Section 1326 (illegal re-entry), and Title 18, United States Code, Sections 1028 (fraudulent identification) and 1546 (fraudulent immigration documents). A copy of that earlier search warrant application for the PREMISES is attached hereto as Attachment C and is incorporated fully by reference herein.

1

SW0014

5. Following their execution of the earlier search warrant for the PREMISES or occupants, when the PREMISES occupants the warrant. During the execution the PREMISES, occupants opened a closet door and saw, in plain sight, a firearm. Accordingly, that my learning now seeks to expand the scope of the original search warrant to authorize the search and seizure of other items, including guns, ammunition, other weapons, indicia of gang membership, as well as indicia of gang membership.

## Probable Cause To Expand The Prior Search Warrant

6. Based on my experience, training, and investigation of this matter, including my conversations with a San Francisco Police Department ("SFPD") Inspector (the "Inspector") who has been investigating criminal street gangs for approximately a decade, I know that La Mara Salvatrucha, also known as "MS-13," is an international street gang that has a chapter (or a "clique") in San Francisco. Members of MS-13 in San Francisco wear blue as their gang color. According to this Inspector, Jonathan Cruz-Ramirez Galabano this Inspector has known for several years, is a member of the San Francisco clique of MS-13. Based on my investigation of this matter and on my conversations with the Inspector as well as other members of the SFPD, I know that several recent murders in San Francisco have been suspected of having been committed by members of MS-13 resulting from disputes between MS-13 and a rival criminal street gang.

7. Accordingly, in light of the discovery of the gun at the PREMISES and the affiliation of Jonathan Cruz-Ramirez who occupies the PREMISES with MS-13, I respectfully submit that there is probable cause to believe that the PREMISES contain evidence, instrumentalities, and fruits of criminal violations not originally set forth in the earlier search warrant granted for the PREMISES, notably violations of Title 18, United States Code, Sections 1962(d) (racketeering conspiracy) and 1959 (violent crime in aid of racketeering). Such additional evidence, instrumentalities, and fruits of additional crimes include guns, ammunition, other weapons, indicia of gang membership as well as indicia of gang membership, such as photographs of gang members, correspondence with gang members, gang colors, correspondence, diaries, address books, and cellular telephones, computers, and personal data or devices containing the names and contact information for gang members, as set forth in Attachment B hereto, which is fully incorporated by reference herein. Any search for any computers found will be conducted pursuant to the parameters set forth in Attachment B. Moreover, based on my experience and training, I know that such items are often contained in closed and/or locked containers, and respectfully request permission to open and search such containers during execution of the search warrant.

**REQUEST TO SEAL THIS APPLICATION**

1.   Based on my experience and training, I believe that if the contents of this Affidavit and the underlying application (which is presently under seal) be made public, the contents would jeopardize this investigation by prompting the target of this investigation to destroy evidence, notify accomplices, or flee from prosecution. For the foregoing reasons, and because that is an ongoing investigation, I request that this Application be sealed in its entirety until further order of the court.

**CONCLUSION**

9.   For the foregoing reasons, I respectfully submit that there is probable cause to believe that the **PREMISES** presently contains evidence, instrumentalities, and fruits of violations of Title 18, United States Code, Section 1962(d) and 1959. I respectfully request that an expanded search warrant be issued for the **PREMISES**.

JASON REH
Special Agent
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 25th day of July, 2008.

H. MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

Attachment A

Description of the PREMISES to be Searched

The PREMISES to be search is a unit in a multi-unit dwelling located on Connecticut Street near Wisconsin Street in San Francisco. The PREMISES itself is clearly marked with the number "949" affixed above the door. The door itself is blue, and the building is painted orange and tan

SW0037

Attachment B

Items to be Seized

1. Any and all firearms, ammunition, and indicia of firearm ownership and/or possession.

2. Any and all weapons, such as knives, clubs, bladed instruments, and stun guns, as well as defensive armaments, such as bulletproof vests.

3. Any and all items constituting evidence of acts of violence, including any clothing or other items with blood stains.

4. Any and all indicia of gang membership, including, clothing consistent with affiliation of membership in MS-13, correspondence, rosters, diaries, address books, cellular telephones, personal computers, and personal data accessories, and indicia of possession, use, and/or control of such devices, including telephone bills. Search of any computers and similar electronic devices will be conducted pursuant to the procedures set forth in the next pages.

5. The items listed on this Attachment are not exclusive and do not restrict the scope of the search warrant issued for the PREMISES earlier today.

SW00018

Attachment B (cont'd)

January 10, 2009 Revision

United States District Court for the Northern District of California

## PROTOCOL FOR SEARCHING DEVICES OR MEDIA
## THAT STORE DATA ELECTRONICALLY

THIS PROTOCOL WILL BE ATTACHED TO EACH SEARCH WARRANT
THAT AUTHORIZES A SEARCH OF ANY DEVICE OR MEDIA THAT
STORES DATA ELECTRONICALLY

It Also Will Be Incorporated, At Least As An Attachment,
in the Affidavit Supporting the Warrant

1.   In executing this warrant, the government must begin by ascertaining
whether all or part of a search of a device or media that stores data electronically
(collectively, the "device") that is authorized by this warrant reasonably can be
completed at the site within a reasonable time.  If the search reasonably can be
completed on site, the government will remove the device from the site only if
authorized by law because removal is (1) necessary to preserve evidence, or (2) if
the item is contraband, a forfeitable instrumentality of the crime, or fruit of crime.

2.   If the government determines that a reasonable search as authorized in
this warrant cannot be completed at the site within a reasonable period, the
government must determine whether all or part of the authorized search can be
completed by making a mirror image of, or in some other manner duplicating, the
contents of the device and then completing the search of the mirror image off site
(e.g., at a computer crime laboratory).

3.   The government may remove from the search location a device only if
the device cannot be searched reasonably on site, or by mirror-imaging or
otherwise duplicating its contents for off site examination – unless authorized by
law to remove the device because (1) removing the device is necessary to preserve
evidence, or (2) the device is contraband, a forfeitable instrumentality of the crime,
or fruit of crime.  The government also may remove from the site any related
equipment (e.g., keyboards or printers) or documents (e.g., system operating or
software manuals) that reasonably appear to be necessary to conduct an off-site

search of a device in which data is stored electronically.

4.  If the government removes a device or related equipment or documents from the place they were found in order to complete the search off-site, within ten calendar days of the removal the government must file a return with a magistrate judge that identifies with particularity the removed device or related equipment or document.

5.  The government must complete an off-site search of a device that agents removed in order to search for evidence of crime as promptly as practicable and no later than 30 calendar days after the initial execution of the warrant. Within thirty calendar days after completing an off-site search of a device pursuant to this warrant, the government must return any device, as well as any related equipment or document that was removed from the site in order to complete the search, unless, under the law, the government may retain the device, equipment, or document (1) to preserve evidence, or (2) because the device, equipment, or document is contraband, a forfeitable instrumentality of the crime, or fruit of crime. Within a reasonable period, not to exceed sixty calendar days after completing the authorized search of a device, the government also must use reasonable efforts to destroy — and to delete from any devices or storage media or copies that it has retained or made — copies of any data that amounts de the scope of the warrant but that were copied or accessed during the search process, unless, under the law, the government may retain the copies (1) to preserve evidence, or (2) because the copies are contraband, a forfeitable instrumentality of the crime, or fruit of crime.

The deadlines set forth in this paragraph may be extended by court order for good cause shown.

6.  In conducting the search authorized by this warrant, whether on site or off-site, the government must make all reasonable efforts to use methods and procedures that will locate and expose only those categories of files, documents, or other electronically stored information that are identified with particularity in the warrant while, to the extent reasonably practicable, minimizing exposure or examination of irrelevant, privileged, or confidential files.

7.   The terms of this warrant do not limit or displace any person's right to file a motion for return of property under F.R.Cr.P. 41(g)   Nor does the issuance of this warrant preclude any person with any interest in any seized item from asking the government to return the item or a copy of it.

8.   The government must promptly notify the judge who authorized issuance of the search warrant (or, if that judge is unavailable, to the general duty judge) if a dispute arises about rights or interests in any seized or searched item – or any data contained in any searched or seized item – and that   dispute cannot be resolved informally.  The government must deliver a copy of this written notification to any person known to assert any such right or interest.

SW0070

Attachment L.

(See next pages)

SW0002

AO 106 (Rev. 5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF   CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

849 Connecticut Street, San Francisco, California  More
Particularly Described in Attachment A

APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT

Case Number

I, Jason Rod _____ being duly sworn depose and say:

I am a(n) Special Agent, Immigration, and Customs Enforcement _____ and have reason to believe
                              Official Title

that ☐ the person of or   ☑ on the property or premises known as (name, description and/or location)

See Attachment B

in the   Northern _____ District of   California
there is now concealed a certain person or property, namely describe the person or property to be seized

See Attachment B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

evidence contraband fruits and instrumentalities of the commission of a criminal offense

concerning a violation of Title  8/18 _____ United States Code, Section(s)  1324 IRFA 1046

The facts to support a finding of probable cause are as follows:

See Affidavit

Continued on the attached sheet and made a part hereof.   ☑ Yes   ☐ No

Approved
as to form _____
_____
                AUSA
Sworn to before me and subscribed in my presence,                   _____
                                                                    Signature of Affiant

July 26, 2008 _____ at   San Francisco _____ CA
Date                                         City                              State

Hon. Maria-Elena James     U.S.M.J      _____
Name of Judge              Title of Judge           Signature of Judge

SW0023

AFFIDAVIT OF JASON REID

I, JASON REID, Special Agent with Immigration and Customs Enforcement, being duly sworn, do declare and state:

1. I am a Special Agent with Immigration and Customs Enforcement ("ICE") and have been so employed since 2002. I am presently assigned to ICE's San Francisco office, where I investigate violations of federal law, with a focus on violent crimes and crimes committed by street gangs, as well as violations of immigration law. During my career with ICE, I have received training on a variety of law enforcement subjects, including immigration enforcement, violent crimes, narcotics trafficking, criminal procedure, search warrants, and gangs. I have also conducted and participated in numerous investigations of violent crimes and immigration offenses, and have participated in the execution of numerous search warrants. The information set forth below is based on my own investigation or on conversations I have had with other law enforcement officers and from reviewing law enforcement documents.

2. This Affidavit is made in support of a Criminal Complaint charging JONATHAN CRUZ-RAMIREZ with illegal re-entry into the United States, in violation of Title 8, United States Code, Section 1326. This Affidavit is further made, pursuant to Federal Rule of Criminal Procedure 41, in support of an warrant to search the premises known and described as 949 Connecticut Street, San Francisco, California (the "PREMISES"), in the Northern District of California, which is the home of CRUZ-RAMIREZ.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for an arrest warrant and a search warrant, I have not included each and every fact known to me that supports probable cause for arrest or probable cause for search. Rather, I have set forth only the facts that I believe are necessary to support the basis for arrest of CRUZ-RAMIREZ and the search of the PREMISES.

4. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

## PROBABLE CAUSE FOR THE ARREST OF JONATHAN CRUZ-RAMIREZ

5. I learned the following from reviewing the immigration records of JONATHAN CRUZ-RAMIREZ

1

a. On or about December 31, 2005, the Border Patrol CRUZ-RAMIREZ near Angeles Arizona near the United States Mexican border, without any immigration documents authorizing his presence in the United States. Following his detention, CRUZ-RAMIREZ appeared before a Border Patrol Agent for an expedited removal proceeding pursuant to 8 C.F.R. Section 235(b)(1). Following this proceeding, the Border Patrol Agent determined that CRUZ-RAMIREZ was removable and ordered him removed.

b. A Notice to Alien Ordered Removed/Departure Verification was issued to CRUZ-RAMIREZ, which advised him that he was barred from the United States for a period of five years, and warned him that illegally re-entering the United States was a criminal violation of Title 8, United States Code, Section 1326. CRUZ-RAMIREZ signed this Notice to Alien on January 2, 2006, affixed the id his fingerprints on it, and was allowed to walk back to Mexico. This Notice also contained a photograph of CRUZ-RAMIREZ.

6. I am familiar with the photograph affixed on the Notice to Alien Ordered Removed/Departure Verification for JONATHAN CRUZ-RAMIREZ and have seen an individual in San Francisco who appears to be JONATHAN CRUZ-RAMIREZ. Indeed, approximately three weeks ago, I spoke with this individual, and he identified himself to me as "Jonathan Cruz." Moreover, I have reviewed criminal records for an individual named "Jonathan Cruz" who has the same date of birth as JONATHAN CRUZ-RAMIREZ. Moreover, I learned from a police officer with the SFPD's Gang Task Force that the individual who identified himself to me as "Jonathan Cruz" three weeks ago was detained briefly by the police but not charged with any crime. "Jonathan Cruz" identified himself as well again as "Jonathan Cruz" and stated that he lived at the PREMISES.[1]

## PROBABLE CAUSE TO SEARCH THE PREMISES

7. I learned from reviewing criminal records for JONATHAN CRUZ-RAMIREZ that he is presently on probation for receiving stolen property from about November 28, 2007. According to the probation records, he resides at the PREMISES.

8. I learned from members of the SFPD who have seen the PREMISES that it is a multi-unit number unit dwelling located on Cornwall Street. The PREMISES is clearly marked with

---

[1] The SFPD did not immediately report the detention of "Jonathan Cruz" to ICE because there was concern that doing so would violate San Francisco's "sanctuary city" policy.

the running state aliased above the letter, and the PREMISES itself approach range and tax, as described in Attachment A hereto, which is incorporated fully by reference herein.

ii.     Based on my experience and training, I know that the perpetrators involved in fraud, identity and counterfeit documents are believed to come from the illegal aliens in and living in the United States. These perpetrators, or the to illegal aliens who have criminal convictions, such as JONATHAN CRUZ RAMIREZ who, because of their criminal records, would attract attention of border crossings and other official check points, as well as in any business when they have to interact with law enforcement or governmental personnel. Based on my experience and training, I know that such fraudulent and counterfeit documents include, by way of example, false driver's licenses, Green Cards, passports, and birth certificates. Indeed, based on my experience and training, I know that these are loosely affiliated individuals who refer to them others as others who sell high-quality counterfeit identification documents in San Francisco, often to illegal aliens with criminal cases. Moreover, based on my experience and training, I know that illegal aliens in possession of fraudulent and counterfeit documents, who not carrying such contraband items, generally keep those items in their residences, usually hidden until they are needed because of these documents' importance in allowing them to function in the United States. Furthermore, based on my experience and training, I know that illegal aliens generally keep their real identification and immigration and birth records on their homes, instead of on their persons in order to keep those documents secure while knowing that those documents do not lose intrinsic them.

iii.    Accordingly, based on the foregoing, I respectfully submit that there is probable cause to believe that the PREMISES of JONATHAN CRUZ RAMIREZ presently contains fraudulent and counterfeit documents such as false identifications, immigration documents, passports, and birth certificates, and other items set forth in Attachment B (incorporated in full by reference herein), all of which constitute evidence, instrumentalities, and fruits of CRUZ-RAMIREZ's violation of Title 8, United States Code, Section 1326, as well as in possible of other statutes, including Title 18, United States Code, Sections 1028 (fraudulent ment fication documents) and 1546 (fraudulent immigration documents). Based on my experience and training, I know that such items are often contained in a b sed and or locked containers, and respectfully request permission to open and search such containers during execution of this search warrant.

## REQUEST TO SEAL THIS APPLICATION

11.     Based on my experience and training, I believe that if the content of this Affidavit is made public, the content would jeopardize this investigation by jeopardize the target of this investigation by destroying evidence, notify accomplices, or flee from prosecution. For

.

SW0026

the foregoing reasons, and because this is an ongoing investigation, I request that this Application be sealed to its entirety until further order of the court.

## CONCLUSION

12. For the foregoing reasons, I respectfully submit that there is probable cause to believe that **JONATHAN CRUZ-RAMIREZ**, is in violation of Title 8, United States Code, Section 1326, and that the **PREMISES** presently contains evidence, instrumentalities, and fruits of that violation, as well as violations of other federal law. I respectfully request that an arrest warrant be issued for **CRUZ-RAMIREZ** and that a search warrant be issued for the **PREMISES**.

JASON RED
Special Agent
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 25th day of July, 2008.

HONORABLE MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

4

SWR027

Attachment A

Description of the **PREMISES** to be Searched

The **PREMISES** to be search is a unit in a multi-unit dwelling located on Connecticut Street near Wisconsin Street in San Francisco. The **PREMISES** itself is clearly marked with the number "949" affixed above the door. The door itself is blue, and the building is painted orange and tan.

SW0078

Attachment B

Items to be Seized

1   Any and all documents relating to identity, including such documents as driver's license, identification cards, passports, credit cards and bank cards, and birth certificates.

2.   Any and all documents relating to immigration and naturalization, including such documents as green cards (i.e., permanent alien resident cards), Social Security cards, passports, and naturalization applications/certificates.

3   Any and all documents constituting indicia of habitation, ownership, and/or control of the PREMISES, including bills, correspondence, leases, and rental agreements.

SW0079

AO 93 (Rev. 4/90) Search Warrant

# United States District Court

NORTHERN      DISTRICT OF      CALIFORNIA

In the Matter of the Search of

945 Connecticut Street, San Francisco, California, More Particularly Described in Attachment A

**SEARCH WARRANT**

CASE NUMBER

TO: Special Agent Jason Hao      and any Authorized Officer of the United States

Affidavit(s) having been made before me by Jason Hao      who has reason to
         Affiant

believe that [ ] on the person of or [✓] on the premises known as (name, description and/or location)

See Attachment A.

in the Northern      District of California      there is now
concealed a certain person or property, namely

See Attachment B

which constitutes evidence, contraband, fruits, and instrumentalities of a criminal offense:

of a criminal violation(s) of Title 8/18      United States Code, Section(s) 1304, 1028, 1546.
I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before July 30, 2008

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search in the daytime—6:00 A.M. to 10:00 P.M. / at any time in the day or night as I find reasonable cause
has been established, and if the person or property be found there to seize same, leaving a copy of this warrant and
receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly
return this warrant to Duty U.S. Magistrate Judge      as required by law.
     U.S. Magistrate Judge

July 25, 2008, at      p.m.      at    San Francisco, California
Date and Time Issued          City and State

HON. MARIA-ELENA JAMES, U.S.M.J.
Name and Title of Judicial Officer      Signature of Judicial Officer

SW0030

AO 94 (Rev. 4/90) Search Warrant

| RETURN | | |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
| INVENTORY MADE IN THE PRESENCE OF | | |

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

### CERTIFICATION

I swear that this inventory is true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

_____
U.S. Judge or Magistrate                    Date

SW001031

Attachment A

Description of the PREMISES to be Searched

The **PREMISES** to be search is a unit in a multi-unit dwelling located on Connecticut Street near Wisconsin Street in San Francisco. The **PREMISES** itself is clearly marked with the number "949" affixed above the door. The door itself is blue, and the building is painted orange and tan.

SW0032

Attachment B

Items to be Seized

1.   Any and all documents relating to identity, including such documents as driver's licenses, identification cards, passports, credit cards and bank cards, and birth certificates.

2.   Any and all documents relating to immigration and naturalization, including such documents as green cards (i.e., permanent alien resident cards), Social Security cards, passports, and naturalization applications/certificates.

3.   Any and all documents constituting indices of habitation, ownership, and/or control of the PREMISES, including bills, correspondence, leases, and rental agreements.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR A
WARRANT TO SEARCH THE
PREMISES KNOWN AND DESCRIBED
AS 949 CONNECTICUT STREET, SAN
FRANCISCO, CALIFORNIA, AND FOR
AN ARREST WARRANT FOR
JONATHAN CRUZ-RAMIREZ

No.

[PROPOSED] SEALING ORDER

Upon the motion of the United States, by United States Attorney Joseph P. Russoniello
and Assistant United States Attorney W.S. Wilson Leung, of counsel, it is found that:

1.    As set forth in the Affidavit of Special Agent Jason Reid, submitted in support of
an application for an arrest warrant for Jonathan Cruz-Ramirez and a search warrant for the
premises known and described as 949 Connecticut Street, San Francisco, California (the
"PREMISES"), dated July 25, 2008, there is probable cause to believe that Cruz-Ramirez is in
violation of Title 8, United States Code, Section 1326, and that the PREMISES contains
evidence, contraband, fruits, and instrumentalities of a criminal offense, including a violation of
Title 8, United States Code, Section 1326, and Title 18, United States Code, Sections 1028 and
1546.

[Proposed] Sealing Order

SW0034

2.   That based on the above-referenced Affidavit, this Court has issued an arrest warrant for Cruz-Ramirez and a search warrant for the PREMISES.

3.   That in order to ensure the safety of law enforcement officers and the public as well as to guard against the possible flight of the defendant and the destruction of evidence, knowledge of the above-referenced warrants must not be disseminated beyond this Court and law enforcement officials.

4.   Accordingly, it is hereby ordered that the above-referenced warrants, and all related documents and records, including this sealing order, are placed under seal, and that no information relating to these documents be indicated on any publicly-available docket sheet or calendar until further order of this Court.

IT IS SO ORDERED.

DATED:   July ___, 2008

_____
HON. MARIA-ELENA JAMES
United States Magistrate Judge

[Proposed] Sealing Order

SW0830

# United States District Court

NORTHERN                          DISTRICT OF                    CALIFORNIA

In the Matter of the Search of

Electronic Items, San Francisco, California, More Particularly Described in
the Search of

SEARCH WARRANT

CASE NUMBER

3 08 70479

MEJ

TO: Special Agent Jason Reed                              and any Authorized Officer of the United States

Affidavit(s) having been made before me by   Jason Reed            who has reason to

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

See Attachment A

in the Northern                          District of California                  there is now

See Attachment B

which constitutes evidence, contraband, fruits, and instrumentalities of a criminal offense

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property
so described is now concealed on the person or premises above described and establish grounds for the issuance of this
warrant.

YOU ARE HEREBY COMMANDED to search on or before July 30, 2008
                                                                                      Date

Not to exceed 10 days the person or place named above for the person or property specified, serving this warrant and
making the search in the daytime — 6:00 AM to 10:00 PM at any time in the day or night as I find reasonable cause
has been established, and if the person or property be found there to seize same leaving a copy of this warrant and
receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly
return this warrant to   Duty U.S. Magistrate Judge
                                    U.S. Judge or Magistrate Judge                                     as required by law.

July 15, 2008, at  ____  ____ pm                         at   San Francisco, California
Date and Time Issued                                          City and State

HON. MARIA-ELENA JAMES U.S.M.J.
Name and Title of Judicial Officer                        Signature of Judicial Officer

SW0076

AO 93 (Rev. 2/90) Search Warrant

## RETURN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| INVENTORY MADE IN THE PRESENCE OF |  |  |
| INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT | | |

## CERTIFICATION

I swear that this inventory is true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

_____
U.S. Judge or Magistrate                                 Date

SW0087

Attachment A

Description of the PREMISES to be Searched

The PREMISES to be search is a unit in a multi-unit dwelling located on Connecticut Street near Wisconsin Street in San Francisco. The PREMISES itself is clearly marked with the number "949" affixed above the door. The door itself is blue, and the building is painted orange and tan

SW0638

Attachment B

Items to be Seized

1.   Any and all firearms, ammunition, and indicia of firearm ownership and/or possession.

2.   Any and all weapons, such as knives, clubs, bladed instruments, and arm parts, as well as defensive armaments, such as bulletproof vests.

3.   Any and all items constituting evidence of acts of violence, including any clothing or other items with blood stains.

4.   Any and all indicia of gang membership, including, clothing consistent with affiliation of membership in MS-11, correspondence, rosters, diaries, address books, cellular telephones, personal computers, and personal data accessories, and indicia of possession, use, and/or control of such devices, including telephone bills.  Search of any computers and similar electronic devices will be conducted pursuant to the procedures set forth in the next pages.

4.   The items listed on this Attachment are not exclusive and do not restrict the scope of the search warrant issued for the PREMISES earlier today.

RW0039

Attachment b (cont'd)

January 15, 2009 version

United States District Court for the Northern District of California

### PROTOCOL FOR SEARCHING DEVICES OR MEDIA THAT STORE DATA ELECTRONICALLY

### THIS PROTOCOL WILL BE ATTACHED TO EACH SEARCH WARRANT THAT AUTHORIZES A SEARCH OF ANY DEVICE OR MEDIA THAT STORES DATA ELECTRONICALLY

It Also Will Be Incorporated, At Least As An Attachment, in the Affidavit Supporting the Warrant

1. In executing this warrant, the government must begin by ascertaining whether all or part of a search of a device or media that stores data electronically (collectively, the "device") that is authorized by this warrant reasonably can be completed at the site within a reasonable time. If the search reasonably can be completed on site, the government will remove the device from the site only if authorized by law because removal is (1) necessary to preserve evidence, or (2) if the item is contraband, a forfeitable instrumentality of the crime, or fruit of a crime.

2. If the government determines that a reasonable search as authorized in this warrant cannot be completed at the site within a reasonable period, the government must determine whether all or part of the authorized search can be completed by making a mirror image of, or in some other manner duplicating, the contents of the device and then completing the search of the mirror image off-site (e.g., in a computer crime laboratory).

3. The government may remove from the search location a device only if the device cannot be searched reasonably on site, or by mirror-imaging or otherwise duplicating its contents for off-site examination - unless authorized by law to remove the device because (1) removing the device is necessary to preserve evidence, or (2) the device is contraband, a forfeitable instrumentality of the crime, or fruit of crime. The government also may remove from the site any related equipment (e.g., keyboards or printers) or documents (e.g., system operating or software manuals) that reasonably appear to be necessary to conduct an off-site

EXM-048

search on a device on which data is stored electronically.

4. If the government removes a device or related equipment or documents from the place they were found in order to complete the search off-site, within ten calendar days of the removal the government must file a return with a magistrate judge that identifies with particularity the removed device or related equipment or documents.

5. The government must complete an off-site search of a device that agents removed in order to search for evidence of crime as promptly as practicable and no later than 30 calendar days after the initial execution of the warrant. Within thirty calendar days after completing an off-site search of a device pursuant to this warrant, the government must return any device, as well as any related equipment or documents that were removed from the site in order to complete the search, unless, under the law, the government may retain the device, equipment, or document (1) to preserve evidence, or (2) because the device, equipment, or document is contraband, a forfeitable instrumentality of the crime, or fruit of crime. Within a reasonable period, not to exceed sixty calendar days after completing the authorized search of a device, the government also must use reasonable efforts to destroy – and to delete from any devices or storage media or copies that it has retained or made – copies of any data that are outside the scope of the warrant but that were copied or accessed during the search process, unless, under the law, the government may retain the copies (1) to preserve evidence, or (2) because the copies are contraband, a forfeitable instrumentality of the crime, or fruit of crime.

The deadlines set forth in this paragraph may be extended by court order for good cause shown.

6. In conducting the search authorized by this warrant, whether on-site or off-site, the government must make all reasonable efforts to use methods and procedures that will locate and expose only those categories of files, documents, or other electronically stored information that are identified with particularity in the warrant while, to the extent reasonably practicable, minimizing exposure or examination of irrelevant, privileged, or confidential files.

6/1/2004

7   The terms of this warrant do not limit or displace any person's right to file a motion for return of property under F.R.Cr.P. 41(g). Nor does the issuance of this warrant preclude any person with any interest in any seized item from asking the government to return the item or a copy of it.

8.   The government must promptly notify the judge who authorized issuance of the search warrant (or, if that judge is unavailable, to the general duty judge) if a dispute arises about rights or interests in any seized or searched item – or any data contained in any searched or seized item – and that   dispute cannot be resolved informally.  The government must deliver a copy of this written notification to any person known to assert any such right or interest

gw0042

**RETURN**

| DATE WARRANT RECEIVED July 25, 2008 | DATE AND TIME WARRANT EXECUTED July 25, 2008 / 1600 Hrs | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH Juana Meydee Ramirez Villanueva |
|---|---|---|
| INVENTORY MADE IN THE PRESENCE OF Special Agent Ben Horton | | |

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

INVENTORY OF PROPERTY TAKEN ENTRY AT 848 CONNECTICUT STREET, SAN FRANCISCO, CA 94107 IS AS FOLLOWS:

1. Identification Cards / Bedroom (#4)
2. Identification Cards and Docs / Bedroom #4 Closet (#5)
3. Bedroom (#3) Copy of CDL / SSN Card / Resident Alien Card
4. Bedroom (#4) Closet (#5) Bear Arms Montrow 9/18 Handgun (Serial # B368541)
5. Bedroom (#4) Documents containing names "Trucha" and "Walter Palma"
6. Bedroom (#4) Cell Phone / Samsung Model SCH-A645

---

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant

Subscribed, sworn to, and returned before me this date.

_____     MARIA-ELENA JAMES     7-29-08
U.S. Magistrate Judge                                      Date

SWXXIA3

AO 93 (Rev. 5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

965 Hampshire Street, San Francisco, California, More
Particularly Described In Attachment A  and Closed Items
and Containers Contained Therein

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

Case Number:    3    0 8   7 0 4 9 1

**MEJ**

I, Christopher J. Merendino _____ being duly sworn depose and say:

I am a(n) Special Agent, Immigration and Customs Enforcement _____ and have reason to believe
                                   Official Title

that  ☐ on the person of or   ☑ on the property or premises known as (name, description and/or location)

See Attachment A

In the   Northern _____ District of   California _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

See Attachment B

which is (give any basis for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

evidence, contraband, fruits and instrumentalities of the commission of a criminal offense

concerning a violation of Title  8/18 _____ United States Code, Section(s)  1324 1624 1546

Illegal re-entry
Racketeering conspiracy
Violent crime in aid of racketeering

The facts to support a finding of probable cause are as follows:

See Affidavit

☐ Continued on the attached sheet and made a part hereof.         ☑ Yes    ☐ No

Approved
As To
Form   W. E. Walsh (sms)
        4/25/04

Sworn to before me and subscribed in my presence.

_____
Signature of Affiant

May 28, 2004 _____  at  San Francisco _____  CA
Date                                                    City           State

Hon. Maria-Elena James       U.S.M.J.
Name of Judge                 Title of Judge

SW00044

## AFFIDAVIT OF CHRISTOPHER J. MERENDINO

I, CHRISTOPHER J. MERENDINO, Special Agent with Immigration and Customs Enforcement, being duly sworn, do declare and state:

1.  I am a Special Agent with Immigration and Customs Enforcement ("ICE") and have been so employed for approximately six years. I am presently assigned to ICE's San Francisco office, where I investigate violations of federal law, with a focus on violent crimes and crimes committed by street gangs, as well as violations of immigration law. During my career with ICE, I have received training on a variety of law enforcement subjects, including immigration enforcement, violent crimes, narcotics trafficking, criminal procedure, search warrants, and gangs. I have also conducted and participated in numerous investigations of street crimes and immigration offenses, and have participated in the execution of numerous search warrants. The information set forth below is based on my own investigations and/or on own creations I have had with other law enforcement officers and from reviewing law enforcement documents.

2.  This Affidavit is made, pursuant to Federal Rule of Criminal Procedure 41, in support of a warrant to search the premises known and described as 944 Hampshire Street, San Francisco, California (the "PREMISES"), in the Northern District of California. As described in greater detail in Attachment A, which is fully incorporated by reference herein, the PREMISES is located on Hampshire Street between 21st and 22nd Streets in San Francisco. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a search warrant, I have not included each and every fact known to me regarding this investigation. Rather, I have set forth only the facts that I believe are necessary to support a search of the PREMISES.

3.  Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

### Background: The July 25, 2008 Search Of 949 Connecticut Street

4.  On July 23, 2008, the Honorable Maria-Elena Jarmes granted a warrant for the arrest of Jonathan Cruz-Ramirez for violating Title 8, United States Code, Section 1326, illegal re-entry into the United States. Other agents of ICE conducting surveillance on Cruz-Ramirez observed him in the PREMISES during the afternoon of July 25, 2008, and they subsequently arrested him on the street after he left the PREMISES.

1

SW00001

5.   In addition to granting an arrest warrant for Cruz-Ramirez, Magistrate Judge James also granted a warrant to search the premises known and described as 949 Connecticut Street in San Francisco -- which, according to probation and law enforcement records, was the residence of Cruz-Ramirez -- for evidence, instrumentalities, and fruits of violations of Title 8, United States Code, Section 1326, such as fraudulent identifications and immigration documents.  During the early evening of July 25, 2008, following the arrest of Cruz-Ramirez, a team conducting the search of 949 Connecticut Street found a firearm in a bedroom closet in that location.  The discovery of the firearm — combined with information that Cruz-Ramirez is a member of La Mara Salvatrucha gang provided by a San Francisco Police Inspector (the "Inspector") who has known Cruz-Ramirez for several years -- prompted the Government to seek another search warrant for 949 Connecticut Street, this time authorizing the seizure of evidence, instrumentalities, and fruits of violations of Title 18, United States Code, Sections 1962(d) (racketeering conspiracy) and 1959 (violent crime in aid of racketeering).  This request for a second search warrant for 949 Connecticut Street was later granted.  Copies of the search warrant applications for 949 Connecticut Street are attached hereto as Attachment C and are fully incorporated by reference herein.

6.   While agents were searching 949 Connecticut Street, a woman who identified herself as Cruz-Ramirez's mother arrived at the location.  Among other things, she told agents that she lived in 949 Connecticut Street where she claimed Cruz-Ramirez stayed but did not live permanently.  She also stated that the room in which the firearm was found was her son's room, and that she assumed the firearm that was found belonged to her son.  She also stated that her son did not have much of his personal property at 949 Connecticut, but rather, kept his property at his girlfriend's home on Hampshire Street.

7.   I believe that the Hampshire Street home of Cruz-Ramirez's girlfriend referenced by Cruz-Ramirez's mother is 944 Hampshire Street, i.e., the PREMISES.  As noted above, on July 25, 2008, agents conducting surveillance prior to Cruz-Ramirez's arrest saw him in the PREMISES.  More specifically, surveillance agents observed a woman matching the description of Cruz-Ramirez's mother deep off Cruz-Ramirez and a Hispanic female in her early twenties in front of 944 Hampshire Street at approximately 3:50 p.m. Cruz-Ramirez took the stairs to the second floor and entered the PREMISES with the Hispanic female.  Between 3:50 pm and the time of his arrest at approximately 4:35 pm, Cruz-Ramirez exited the upper level and entered the PREMISES through a secondary entrance (see Attachment A for a fuller description of the PREMISES) multiple times without being escorted by another individual, indicating that he had full control and free reign over the PREMISES, consistent with residency in the PREMISES.

SFPD045

Probable Cause To Search The PREMISES

8   As set forth in greater detail in Attachment C, there is probable cause to believe that
Jonathan Cruz-Ramirez is an illegal alien who re-entered the United States after being
previously excluded. Based on my experience and training, I know that illegal aliens often
possess and use fraudulent and counterfeit documents in order to come into the United
States illegally and live in the United States. This is particularly true for illegal aliens who
have criminal convictions, such as Cruz-Ramirez, who, because of their criminal records,
would attract attention at border crossings and other official check points, as well as on any
occasion when they have to interact with law enforcement or government personnel. Based
on my experience and training, I know that such fraudulent and counterfeit documents
include, by way of example, false driver's licenses, lawful Permanent Resident Cards,
passports and birth certificates. Moreover, based on my experience and training, I know
that illegal aliens in possession of fraudulent and counterfeit documents, when not carrying
such contraband items, generally keep these items in their residences, usually hidden until
they are needed because of their documents' importance in allowing them to function in
the United States. Moreover, agents searching 419 Connecticut Street found a fraudulent
lawful Permanent Resident Card (commonly called a "Green Card") with the photo of
Cruz-Ramirez but with the name "Jose Lopez," as well as a Social Security Card in the
name of "Jose Lopez," which indicates that Cruz-Ramirez has access to falsified
documents. I believe that Cruz-Ramirez has more of such fraudulent documents at the
PREMISES, which is according to his mother, his principal residence. Furthermore,
based on my experience and training, I know that illegal aliens generally keep their real
identifications and immigration and birth records in their residences instead of on their
persons, in order to keep these documents secure while still ensuring that these documents
are not found and, hence, do not incriminate them. Thus, I believe that Cruz-Ramirez's
true immigration documents are likely maintained at the PREMISES.

9   In addition, based on my experience, training, and investigation of this matter, including
my conversations with the Inspector who has been investigating criminal street gangs for
approximately a decade, I know that La Mara Salvatrucha, also known as "MS 13," is an
international street gang that has a chapter (or a "clique") in San Francisco. Members of
MS 13 in San Francisco wear blue as their gang color. MS-13 members also maintain
rosters of its membership as well as records of dues paid by individual members and even
poems about the gang and its rivalries with other gangs. As noted above, according to the
Inspector, Jonathan Cruz-Ramirez, whom the Inspector has known for several years, is a
member of the San Francisco clique of MS-13. Based on my investigation of this matter
and on my conversations with the Inspector as well as other members of the SFPD, I know
that several recent murders in San Francisco have been suspected of having been
committed by members of MS 13 resulting from disputes between MS-13 and members for

8

## CONCLUSION

12. For the foregoing reasons, I respectfully submit that there is probable cause to believe that the PREMISES presently contains evidence, instrumentalities, and fruits of violations of Title 8, United States Code, Section 1326, and Title 18, United States Code, Sections 1962(d) and 1959. I therefore respectfully request that a search warrant be issued for the PREMISES.

CHRISTOPHER J. MERENDINO
Special Agent
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 29th day of July, 2008

HONORABLE MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

3

SW0049

Attachment A

Description of **PREMISES** to be Searched

The **PREMISES** to be searched is a house located on the west side of Hampshire Street between 21st Street and 22nd Street in the Mission District of San Francisco, CA. The **PREMISES** is painted a dull green with white trim with a Spanish tile roof. The **PREMISES** has stairs leading up to the front door, one level above the street, which is clearly marked "944" in white black lettering with a black background to the left of the door. The door itself is a white door with a black metal screen security gate. There are windows with white trim to the left and right of the front door. The **PREMISES** has a secondary entrance on the left side of the stairs that is a white door with a black metal screen security gate. There is a grey metal gate approximately two and a half feet enclosing a patio on the left side of the stairs. The **PREMISES** has a plywood garage door on the right side of the stairs.

SW0050

Attachment B

Items to be Seized

1. Any and all documents relating to identity, including such documents as driver's licenses, identification cards, passports, credit cards and bank cards, and birth certificates.

2. Any and all documents relating to immigration and naturalization, including such documents as green cards (i.e., permanent alien resident cards), Social Security cards, passports, and naturalization applications/certificates.

3. Any and all firearms, ammunition, and indicia of firearm ownership and/or possession.

4. Any and all weapons, such as knives, clubs, bladed instruments, and stun guns, as well as defensive armaments, such as bulletproof vests.

5. Any and all items constituting evidence of acts of violence, including any clothing or other items with blood stains.

6. Any and all indicia of gang membership, including, clothing consistent with affiliation of membership in MS-13, correspondence, rosters, diaries, address books, cellular telephones, personal computers, and personal data accessories, and indicia of possession, use, and/or control of such devices, including telephone bills. Search of any computers and similar electronic devices will be conducted pursuant to the procedures set forth in the next pages.

7. Any and all documents constituting indicia of habitation, ownership, and/or control of the PREMISES, including bills, correspondence, leases, and rental agreements.

Attachment (continued)

*Most recent effort with changes - January 11, 2006*

United States District Court for the Southern District of California

## PROTOCOL FOR SEARCHING DEVICES OR MEDIA THAT STORE DATA ELECTRONICALLY

THIS PROTOCOL WILL BE ATTACHED TO EACH SEARCH WARRANT THAT AUTHORIZES A SEARCH OF ANY DEVICE OR MEDIA THAT STORES DATA ELECTRONICALLY

It Also Will Be Incorporated, At Least As An Attachment, in the Affidavit Supporting the Warrant

1.   In executing this warrant, the government must begin by ascertaining whether all or part of a search of a device or media that stores data electronically (collectively, the "device") that is authorized by this warrant reasonably can be completed at the site within a reasonable time. If the search reasonably can be completed on site, the government will remove the device from the site only if authorized by law because removal is (1) necessary to preserve evidence, or (2) if the item is contraband, a forfeitable instrumentality of the crime, or fruit of crime.

2.   If the government determines that a reasonable search as authorized in this warrant cannot be completed at the site within a reasonable period, the government must determine whether all or part of the authorized search can be completed by making a mirror image of, or in some other manner duplicating, the contents of the device and then completing the search of the mirror image off-site (e.g., at a computer crime laboratory).

3.   The government may remove from the search location a device only if the device cannot be searched reasonably on site, or by mirror imaging or otherwise duplicating its contents for off-site examination - unless authorized by law to remove the device because (1) removing the device is necessary to preserve evidence, or (2) the device is contraband, a forfeitable instrumentality of the crime,

1

SW693

or fruit of crime  The government also may remove from the site any related equipment (e.g., keyboards or printers) or documents (e.g., system operating or software manuals) that reasonably appear to be necessary to conduct an off site search of a device in which data is stored electronically

4.   If the government removes a device or related equipment or documents from the place they were found in order to complete the search off-site, within ten calendar days of the removal the government must file a return with a magistrate judge that identifies with particularity the removed device or related equipment or documents

5.   The government must complete an off-site search of a device that agents removed in order to search for evidence of crime as promptly as practicable and no later than 30 calendar days after the initial execution of the warrant. Within thirty calendar days after completing an off-site search of a device pursuant to this warrant, the government must return any device, as well as any related equipment or document that was removed from the site in order to complete the search, unless, under the law, the government may retain the device, equipment, or document (1) to preserve evidence, or (2) because the device, equipment, or document is contraband, a forfeitable instrumentality of the crime, or fruit of crime.  Within a reasonable period, not to exceed sixty calendar days after completing the authorized search of a device, the government also must use reasonable efforts to destroy – and to delete from any devices or storage media or copies that it has retained or made – copies of any data that are outside the scope of the warrant but that were copied or accessed during the search process, unless, under the law, the government may retain the copies (1) to preserve evidence, or (2) because the copies are contraband, a forfeitable instrumentality of the crime, or fruit of crime.

The deadlines set forth in this paragraph may be extended by court order for good cause shown

6.   In conducting the search authorized by this warrant, whether on site or off site, the government must make all reasonable efforts to use methods and

2

procedures that will locate and expose only those categories of files, documents, or other electronically stored information that are identified with particularity in the warrant while, to the extent reasonably practicable, minimizing exposure or examination of irrelevant, privileged, or confidential files.

7.   The terms of this warrant do not limit or displace any person's right to file a motion for return of property under F.R.Cr.P. 41(g).  Nor does the issuance of this warrant preclude any person with any interest in any seized item from asking the government to return the item or a copy of it.

8    The government must promptly notify the judge who authorized issuance of the search warrant (or, if that judge is unavailable, to the general duty judge) if a dispute arises about rights or interests in any seized or searched item - or any data contained in any searched or seized item - and that dispute cannot be resolved informally.  The government must deliver a copy of this written notification to any person known to assert any such right or interest.

3

SW0056