SETH P. CHAZIN (CSBN 133777)
Attorney at Law
Law Offices of Seth P. Chazin
1164 Solano Avenue
Albany, CA 94706
Telephone: (510) 507 – 8100
Facsimile: (510) 525 – 0087

Attorney for Defendant
RODIL NOCHEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>RODIL NOCHEZ, ET AL.,<br><br>DEFENDANTS. | Case No.: CR-08-0730-WHA<br><br>REPLY TO GOVERNMENT'S RESPONSE TO THE COURT'S ORDER DATED DECEMBER 10, 2009, AND REQUEST FOR CLARIFICATION OR MODIFICATION |

## INTRODUCTION

In its December 10, 2009 Order Re Discovery Motions, the Court directed the government to provide defendant Nochez with the applications and affidavits in support of the July 20, 2009 search warrant for 1__ A____ Avenue, San Francisco, CA, with only the "informant's name" redacted. The government then produced to the defense a heavily redacted copy of the requested material, which not only redacted the informant's name but virtually all information relevant to probable cause that supported the search warrant. The defense contacted the government and informed them that the redactions were not compliant with the order nor were they consistent with what the Court contemplated at the December 8, 2009 hearing. The

government then filed a document with the Court titled "Government's Response to the Court's Order Dated December 10, 2009, and Request for Clarification or Modification," requesting that the Court approve the vast redactions made to the requested materials. Without giving the defense leave to reply, the Court issued an order approving the redactions on December 11, 2009.

## ARGUMENT

### I.

**THE GOVERNMENT'S REQUEST FOR MODIFICATION AND CLARIFCATION IS A FUGITIVE DOCUMENT AND SHOULD NOT HAVE BEEN ENTERTAINED BY THE COURT**

In its filing for modification of the Court's December 10, 2009 order, the government cites no legal mechanism by which a final order on a motion that had been fully briefed and argued can be altered or modified. Nonetheless, without any legal basis, the government asked that the Court make substantial and significant changes to the Order, prejudicing the defense. Without affording the defense time to reply to the government's fugitive document, the Court issued an order on December 11, 2009, modifying the original order.

Mr. Nochez objects to the subversion of criminal procedure that has occurred in this instance. The Court's original order was clear as to what was to be redacted, and was formulated upon a fully briefed motion made by the defense, responded to by the government and then replied to by the defense. A hearing was held on December 8, 2009, where both the defense and government were afforded a considerable opportunity to orally argue their positions, and the Court then verbally issued a ruling, which was later echoed in the Court's written order.

Therefore, the government's motion made after the order failed to comply with the rules of criminal procedure and accordingly should be stricken from the record.

The government may argue that the fugitive document was in fact a motion to reconsider. This argument fails because the document did not conform to the standards of a motion to reconsider as laid out in Criminal Local Rule 2-1 and Civil Local Rule 7-9. The government did not seek leave of the Court to file a motion for reconsideration or comply with the form and content requirements of Civil Local Rule 7-9. Therefore, the government cannot successfully argue that the document is anything other than a fugitive document.

In light of these facts, the defense respectfully requests that the Court vacate its December 11, 2009 order, reinstate its prior order and strike the government's filing from the record.

**II.**

**THE EXTENSIVE REDACTIONS MADE BY THE GOVERNMENT INFRINGES UPON THE DEFENDANT'S FOURTH AMENDMENT RIGHTS**

Beyond the government's procedural failings, the extensive redactions made by the government go far beyond what is necessary to protect the identity of the informant and infringe upon Mr. Nochez's Fourth Amendment right to be secure against unlawful search and seizure. As an individual whose property has been the subject of a search, it is vital that he "be allowed to know whether the Fourth Amendment's mandate of probable cause, supported by oath or affirmation, has been satisfied." *In Re Search Warrants Issued August 29, 1995*, 889 F. Supp. 296, 301 (S.D. Ohio, 1995).

While the defendant's Fourth Amendment rights referred to above must be balanced against the "competing interest in keeping confidential the identity of the informant" *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006), the government has redacted not merely

the identity of the informant, but eradicated entire paragraphs wholesale relating to probable cause. In fact, the entire reference as to probable cause to search the defendant's residence has been completely redacted such that no information relevant to the search of 1__ A____ Avenue remains. It is difficult to imagine a situation where such total redactions are necessary. Certainly, at a minimum, a more narrowly tailored redaction could be fashioned to serve the interest of protecting the informant.

The government has suggested that the issue is rendered moot by the fact that they will not attempt to introduce any fruits of the search at trial. This claim does not cure the alleged Fourth Amendment violation, as Mr. Nochez remains entitled to know whether his rights were infringed and to use any erroneous or false information for impeachment at his upcoming trial. *See Warrants Issued August 29*, 1995 at 301.

## **CONCLUSION**

For the foregoing reasons, the defendant respectfully requests that the Court vacate its December 11, 2009 order approving proposed redactions by the government, reinstate its prior order and strike the government's fugitive document from the record. In the alternative, the defendant respectfully requests that the Court conduct an *in camera* review of the documents to make an independent determination as to what information should be redacted to protect the identity of the informant while complying with the requirements of the Fourth Amendment.

Dated: January 6, 2010  /s/
**SETH P. CHAZIN**
**Attorney for RODIL NOCHEZ**