**SETH P. CHAZIN (CSBN 133777)**
**LAW OFFICES OF SETH P. CHAZIN**
**Attorney at Law**
**1164 Solano Avenue**
**Albany, CA 94706**
**Telephone: (510) 507 - 8100**
**Facsimile: (510) 525 – 0087**

**Attorney for Defendant**
**RODIL NOCHEZ**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RODIL NOCHEZ,<br><br>  Defendant. | Case No.: CR-08-0730-WHA<br><br>**MOTIONS IN LIMINE; DECLRATION OF SETH P. CHAZIN IN SUPPORT OF MOTIONS IN LIMINE**<br><br>**PRETRIAL CONF.: FEBRUARY 8, 2010**<br>**TIME: 1:00 P.M.**<br>**THE HON WILLIAM H. ALSUP** |

**TO THE HONORABLE WILLIAM H. ALSUP, THE UNITED STATES OF AMERICA, AND THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT ON February 8th, 2010 at 1:00 pm., defendant RODIL NOCHEZ, by and through his counsel, SETH P. CHAZIN, will and hereby does move the Court to grant the defendant's in limine motions as set forth in the attached Memorandum of Points and Authorities.

These motions are based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Seth P. Chazin, and any and all records in this case.

Respectfully Submitted,

DATED:  January 25, 2010           /s/
                        **SETH P. CHAZIN**
                        **Attorney for RODIL NOCHEZ**

1

**SETH P. CHAZIN (CSBN 133777)**
**LAW OFFICES OF SETH P. CHAZIN**
**Attorney at Law**
**1164 Solano Avenue**
**Albany, CA 94706**
**Telephone: (510) 507 - 8100**
**Facsimile: (510) 525 – 0087**

**Attorney for Defendant**
**RODIL NOCHEZ**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: CR-08-0730-WHA |
| Plaintiff, ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RODIL NOCHEZ'S MOTIONS IN LIMINE** |
| v. ) | |
| RODIL NOCHEZ, ) | |
| Defendant. ) | |

**I.**
**THE COURT SHOULD SEVER THE TRIAL OF NOCHEZ AND GONZALEZ TO AVOID PREJUDICE AND CONFORM TO THE HOLDING IN *BRUTON*.**

The joint trial of Mr. Nochez and Mr. Gonzalez must be severed for several reasons. First, the government will likely introduce incriminating extrajudicial statements made by Mr. Gonzalez, yielding exactly the type of prejudice prohibited by *United States v. Bruton* and the Sixth Amendment. Second, a joint trial is inappropriate pursuant to Federal Rule of Criminal Procedure 14. Finally, trying the defendants jointly will deny Mr. Nochez significant exculpatory evidence, impermissibly prejudicing his case.

### A. SEVERANCE OF NOCHEZ AND GONZALEZ'S TRIAL IS MANDATED BY *BRUTON V. UNITED STATES* AND THE SIXTH AMENDMENT CONFRONTATION CLAUSE.

The essence of the Sixth Amendment right to confrontation is the right to cross-examine a witness. *Pointer v. Texas*, 380 U.S. 400, 404 (1964). Consequently, the admission of a co-defendant's statement incriminating a defendant where the co-defendant is not available for cross-examination constitutes reversible error. *Bruton v. United States*, 391 U.S. 123, 137 (1968).

In *Bruton*, defendants Bruton and Evans were jointly tried for armed robbery. Evans confessed to a postal inspector and named Bruton as his accomplice. The postal inspector testified about the confession in their joint trial. Although the jury was instructed that Evans' statement could not be considered as evidence against Bruton, the Supreme Court reversed Bruton's conviction. "We hold that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of Evans' confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." *Bruton*, 391 U.S. at 126.

Federal Rule of Criminal Procedure 14(b) provides: "Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection a defendant's statement that the government intends to use as evidence." Fed.R.Crim.P. 14(b). It is requested that the government provide notice of any of Mr. Gonzalez's statements it intends to introduce so that *Bruton* problems can be addressed.

The requested notice is distinct from the disclosures required by the Court's *Final Scheduling Order*. In that Order, the Court ordered the government to produce summaries of co-conspirator statements that were to be introduced pursuant to Federal Rule of Evidence 404(b) by January 19, 2010. To date, that has not occurred. Nonetheless, the defense believes the government will introduce numerous incriminating statements made by Mr. Gonzalez. The presentation of these statements at a joint trial impermissibly creates the risk that the jury will impute statements made by Mr. Gonzalez to Mr. Nochez.

There are some "contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that practical and human limitations of the jury system cannot be ignored." *Bruton*, 391 U.S. at 135. The admission of "incriminating extrajudicial statements of a co-defendant who stands accused side-by-side with the defendant . . . ." is such a context. *Bruton*, 391 U.S. at 135-136.

A context similar to that in *Bruton* is presented in the instant case. The evidence produced by the government to date does not indicate that Mr. Nochez was an active participant in the attempted exportation of stolen vehicles. On the contrary, recordings produced by the government demonstrate that Mr. Nochez merely provided a ride to Mr. Gonzalez and CI-1218, who needed a ride home after selling their vehicle to the undercover agents. It was Mr. Gonzalez and CI-1218 who drove the stolen vehicles to the CHP warehouse, negotiated the sale of the vehicles, and handled the money. Furthermore, the undercover agents buying the allegedly stolen vehicles stated that Mr. Gonzalez took all the money, leaving Mr. Nochez with no compensation. The discovery shows that Mr. Nochez was merely present at the vehicle buys, saying very little, if anything, about the transactions. Consequently, it is evident that Mr. Nochez's actions were peripheral to the alleged crimes. If tried together, the jury would likely impute Mr. Gonzalez's statements, and his illegal actions, to Mr. Nochez. This would unfairly prejudice Mr. Nochez, biasing the jury and preventing him from receiving a fair trial.

This prejudice is enhanced by the fact that Mr. Nochez cannot cross-examine Mr. Gonzalez to evaluate the veracity of statements made by him. No limiting instruction can protect Mr. Nochez from this undue prejudice. The Court in *Bruton* stated: "The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination." *Bruton*, 391 U.S. at 136, (citing *Pointer v. State of Texas*, 380 U.S. 400, (1965)).

Pursuant to the ruling in *Bruton,* the admission of incriminating statements made by Mr. Gonzalez, in any form, would prejudice Mr. Nochez by violating his Sixth Amendment right to confront and cross-examine the witnesses against him. To avoid this constitutional violation, Mr. Nochez respectfully requests that his trial be severed from that of Mr. Gonzalez.

4

## B. SEVERANCE IS REQUIRED BECAUSE THE PREJUDICIAL EFFECT ON MR. NOCHEZ IS PROHIBITED BY RULE 14.

The Court may sever joined defendants if "consolidation for trial appears to prejudice a defendant." Fed.R.Crim.P. 14(a). This rule dictates that "in assessing the prejudicial effect of a joint trial, our focus is on 'whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited admissibility.'" *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) (citations omitted). Consequently, the Court "must be wary of situations where a jury might impute the guilt of some defendants to other defendants." *United States v. De Rosa*, 670 F.2d 889, 898 (9th Cir. 1982).

Here, we have a set of facts that will be difficult for the jury to compartmentalize and will lead them to impute guilt on Mr. Nochez. As discussed above, the discovery shows that Mr. Nochez was merely present at the vehicle buys, doing none of the negotiating. Mr. Gonzalez was the one who delivered the cars, did all the talking and received the compensation. At trial, the government will likely introduce all of those incriminating statements that Mr. Gonazlez made, while also citing the relatively few utterances made by Mr. Nochez. The introduction of the many statements made by Mr. Gonzalez and the few made by Mr. Nochez will make it difficult for the jury to compartmentalize the evidence, causing the jury to impute Mr. Gonzalez's guilt on Mr. Nochez. Such prejudice is impermissible under Federal Rule of Criminal Procedure 14, and the Court should sever the defendants to preserve their right to a fair trial.

The risk of prejudice is further compounded by the antagonistic defenses the defendants will likely make. Severance is appropriate where "the defenses 'are antagonistic to the point of being mutually exclusive' . . . [o]nly where the acceptance of one party's defense will preclude the acquittal of the other party does the existence of antagonistic defenses mandate severance." *Ramirez* at 546 (citing *United States v. Marable*, 574 F.2d 224, 231 (5th Cir. 1978)).

Mr. Nochez will assert, among other arguments, that he was merely providing a ride for Mr. Gonzalez and CI-1218, who had no way to get home after selling the stolen vehicles. This defense implicates Mr. Gonzalez in the crime of selling stolen cars for the purpose of export, the

very crime he is charged with. Therefore, if the jury accepts Mr. Nochez's defense, i.e., that Mr. Gonzalez needed a ride home after selling a stolen vehicle, then the jury will be logically obligated to convict Mr. Gonzalez. This is precisely the type of antagonistic defense contemplated in *Ramirez*.

At this point, Mr. Nochez is not aware of what defenses Mr. Gonzalez will present. However, it is probable that Mr. Gonzalez will assert a defense that is antagonistic to Mr. Nochez's defense. For example, Mr. Gonzalez may elect to argue an entrapment defense, ultimately confessing to the crime, whereas Mr. Nochez may argue lack of knowledge and intent. Again, these two defenses are mutually exclusive; if the jury accepts Mr. Gonzalez's entrapment defense as to both defendants, they will be logically compelled to reject Mr. Nochez's defense.

The risk that the defendants will argue antagonistic defenses is very high in this case. Accordingly, the Court should sever the defendants to prevent prejudice arising from antagonistic defenses.

### C. SEVERANCE IS REQUIRED BECAUSE MR. NOCHEZ WILL BE DENIED ACCESS TO CO-DEFENDANT GONZALEZ'S EXCULPATORY TESTIMONY.

Mr. Gonzalez can offer exculpatory testimony for Mr. Nochez at a separate trial, but will likely assert the Fifth Amendment right to remain silent at a joint trial. Upon filing of an affidavit to this effect, Mr. Nochez would be entitled to sever his case from that of Mr. Gonzalez's. *United States v. Vigil*, 561 F.2d 1316 (9th Cir. 1977). Mr. Nochez anticipates supplying the court with such an affidavit.

In *Seifert v. United States*, Seifert and Ehrlich were convicted on 19 counts of moving property taken by fraud. *Seifert v. United States*, 648 F.2d 557, 559 (9th Cir. 1980). The conviction for Seifert was reversed due to the denial of his right to present important exculpatory evidence. *Id*. at 564. At the close of the case, Seifert made a motion for severance under rule 14. *Id*. at 563. During the preparation of the case and during trial, Seifert's counsel had been told by Ehrlich's counsel that Ehrlich would testify and exculpate Seifert. However, Ehrlich exercised

his Fifth Amendment right and did not testify. The evidence offered against Seifert during the trial was weak, and Ehrlich's testimony was critical to Seifert's defense. *Id.*

Seifert made a showing of prejudice because he satisfied the three-part test of *Vigil*: (1) that the defendant would call the co-defendant at trial, (2) that the co-defendant would testify, and (3) that the testimony of the co-defendant would be favorable to the defendant. *Vigil*, 561 F. 2d at 1316-17. The court held: "Considerations of judicial economy do not outweigh the seriousness of the prejudice to Seifert, who was denied the right to present important exculpatory evidence. Denial of his motion to sever requires reversal." *Seifert*. at 564.

As explained above, Mr. Gonzalez could offer exculpatory testimony on various subjects, including the fact that Mr. Nochez merely provided a ride to the vehicle buys, receiving no compensation from the undercover agents. This testimony would be impossible to obtain at a joint trial should Mr. Gonzalez elect to remain silent. Thus, a joint trial would greatly prejudice Mr. Nochez. However, since Mr. Nochez has complied with the requirements of *Vigil*, the Court is obligated to sever the trials.

## II.
### THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM OFFERING EXHIBITS OR WITNESSES THAT HAVE NOT BEEN DISCLOSED IN ACCORDANCE WITH THE COURT'S PRETRIAL SCHEDULING ORDER.

This Court ordered the government to produce its final trial exhibit list and final witness list for its case-in-chief by January 19, 2010. *FINAL SCHEDULING ORDER (Docket #998)*. The government has failed to produce both a final trial exhibit list and a final witness list for its case-in-chief. The defendant can only assume that the government does not intend to introduce any exhibits or witnesses. At a minimum, the government has violated the express orders of this Court's Final Scheduling Order. If the government later produces such a list in violation of the Court's order, the Court should preclude the government from introducing those exhibits into

evidence and presenting those witnesses at trial.  It is impossible for the defendant to properly prepare and present his case for trial, conduct effective cross-examination of government witnesses and otherwise receive effective assistance of counsel, all as required by the Fifth and Sixth Amendments to the United States Constitution, when the defendant is not fully informed as to the identity of the witnesses that will be presented by the government in it's case-in-chief and the written material that the government will proffer at trial, including trial exhibits.

Throughout this case, the government has frequently failed to meet deadlines set by the Court.  The Court has yet to impose any sanctions or otherwise punish the government for these repeated failures.  The court's orders pertaining to government disclosures and scheduling end up having little meaning if the government is allowed to repeatedly violate the orders without any ramifications resulting from theses violations.  In fact, the court has recently issued orders in the Sosa/Urias case admonishing the government for its failure to abide by the court's scheduling orders and yet the government continues to violate these orders here.  *See* Docket #1110.

A severe remedy is required at this point.  Because of the government's continued disrespect for the Court's authority to set deadlines, Mr. Nochez, now just three weeks from trial, has been prejudiced by remaining unaware of what witnesses or exhibits will be presented at trial.  Consequently, the Court is again confronted with the choice of punishing the government for its inaction or allowing it to ignore yet another deadline.  Mr. Nochez respectfully requests that the Court hold the government to its obligations, and preclude the government from introducing any exhibits into evidence or offering any witnesses at trial other than the one witness they have specifically stated will testify at trial, CI-1218.  The Court is empowered to do so pursuant to Federal Rule of Criminal Procedure 16(d).  *See e.g., United States v.* DeMarco,

407 F.Supp. 107, 115 (C.D. Cal. 1975) (holding that sanctions are appropriate where the prosecutor fails to obey discovery orders issued by the court).

In the alternative, if the court is unwilling to sanction the government as suggested above, the Court should continue the trial date for 60 days from the date that the government finally complies with the Court's order to allow the defendant to properly prepare his case for trial.

### III.
### THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM OFFERING ANY EVIDENCE TO SUGGEST MR. NOCHEZ IS OR EVER HAS BEEN A MEMBER OF MS-13.

In this case, many of the defendants are alleged to have been members of the MS-13 gang. *See* THIRD SUPERSEDING INDICTMENT. To date, however, the government has not alleged nor has provided any evidence to establish that Mr. Nochez was a member of MS-13 at or near the time of the alleged crimes or at any other time for that matter. The reason for this is simple: Mr. Nochez is not and has never been an MS-13 member. In fact, Mr. Nochez was expressly excluded from the RICO allegations with which most other defendants are charged. *Id.*

Still, the government may attempt to introduce evidence to connect Mr. Nochez to MS-13. The Court should preclude the introduction of such evidence as it would violate Federal Rules of Evidence 402, 403, and 404(b), as well as the Court's Final Scheduling Order.

Federal Rule of Evidence 402 prohibits the admission of irrelevant evidence, defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Federal Rule of Evidence 401*.

Here, Mr. Nochez is charged with violations of 18 U.S.C. § 553(a), attempted exportation of stolen vehicles. *THIRD SUPERSEDING INDICTMENT*. To be guilty of these crimes, Mr. Nochez must have knowingly attempted to export a motor vehicle. 18 U.S.C. § 553(a). In no way would

evidence suggesting Mr. Nochez was an MS-13 gang member serve to illuminate any elements of the charged crime. Therefore, such evidence would be irrelevant because it fails to make the existence of a fact more or less likely.

Federal Rule of Evidence 403 prohibits the admission of evidence if the probative value is substantially outweighed by "the danger of unfair prejudice." As discussed above, evidence of MS-13 gang membership offers no probative value. Such evidence would only serve to unfairly prejudice the jury against Mr. Nochez. *See Kennedy v. Lockyer*, 379 F.3d 1041, 1055-56 (9th Cir. 2004) (citing cases which hold that evidence of gang membership is irrelevant to prove intent or culpability, and in any event highly prejudicial). Thus, any evidence of gang membership should be prohibited as irrelevant and unduly prejudicial pursuant to Federal Rules of Evidence 402 and 403.

Evidence of gang membership should also be prohibited because the government has failed to make any 404(b) disclosures as required by the Court's Final Scheduling Order. That Order required the disclosure of all 404(b) evidence by January 19, 2010. To date, no such disclosure has been made. The defendant is assuming the government does not intend to try to introduce evidence of gang membership. Were the government to try to introduce evidence of gang membership, the government should be deemed to have failed to comply with the Court's order and Local Rule 16-1(c)(4) and thus waived any ability to admit such evidence at trial. Consequently, the Court should hold that no evidence of gang membership, nor any reference at all to "MS-13" or the word "gang," may be referenced by the government at the defendant's trial as the introduction of or reference to any such matters would violate Federal Rules of Evidence 401, 402, 404(b), and the Court's Final Scheduling Order.

## IV.
## THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM OFFERING "OTHER ACT EVIDENCE" PURSUANT TO FEDERAL RULE OF EVIDENCE 404.

Federal Rule of Evidence 404(b) generally prohibits the admission of "evidence of other crimes, wrongs, or acts" to illustrate the character of a defendant. This Court has ordered that the government "disclose a summary of any evidence of other crimes, wrongs, or acts which it intends to offer under Federal Rule of Evidence 404(b)" by January 19, 2010. *FINAL SCHEDULING ORDER (Docket #998)*. The government has failed to make any such disclosures.

Mr. Nochez assumes that the government has no Rule 404 evidence to offer since they have not provided any such disclosures to the defense. If for some reason the government attempts to offer any such evidence, the Court should preclude the government from admitting this evidence, including, for example, evidence of any alleged prior crimes, wrongs or acts attributed to Mr. Nochez. The timely disclosure of Rule 404(b) evidence is vital as the defendant needs sufficient time to investigate the circumstances of any alleged crime or other act, which can be time-consuming. Allowing late disclosure of this information would limit Mr. Nochez's opportunity to conduct such an investigation and interfere with Mr. Nochez's due process rights, including interfering with the proper preparation and presentation of the defendant's case as well as interfere with counsel's ability to provide effective assistance of counsel.

Additionally, the introduction of "other acts" evidence would violate Federal Rules of Evidence 402 and 403. As discussed above, the Court must prohibit the government from introducing evidence that is irrelevant or more prejudicial than probative. Again, the defense is unaware of what "other acts" the government may allege because they have failed to make a timely disclosure as ordered by this Court. Still, evidence of any "other acts" would likely be

irrelevant because it would not be probative as to whether Mr. Nochez knowingly attempted to export a stolen vehicle. Similarly, such evidence would only serve to prejudice the jury, offering no probative value. Therefore the government should be precluded from introducing any "other acts" evidence in violation of Federal Rules of Evidence 402 and 403.

## V.
## THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM OFFERING CO-CONSPIRATOR STATEMENTS NOT PROPERLY SUMMARIZED PURSUANT TO LOCAL RULE 16-1(C)(4).

Under Local Rule 16-1(c)(4), the government is required to prepare summaries of "any statement the government intends to offer under Fed. R. Evid. 801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statement." Local Rule 16-1(c)(4). For those statements to be admissible at trial, the government must for show that "(1) there was a conspiracy, (2) the defendant and the declarant were participants in the conspiracy, and (3) the statement was made by the declarant during and in furtherance of the conspiracy." *United States v. Bridgeforth*, 441 F.3d 864, 869 (9th Cir. 2006). The statement itself is "insufficient to prove these preliminary facts." *Id*. In other words, the admissibility of a co-conspirator statement cannot be based on the statement alone. *See United States v. Liera*, 585 F.3d 1237, 1246 (9th Cir. 2009) (holding that a co-conspirator statement that was the sole basis of establishing that conspiracy was improperly admitted).

To date, the government has not produced any summaries of co-conspirator statements it intends to introduce at trial pursuant to Local Rule 16-1(c)(4). This disclosure was to be made by January 19, 2010. *FINAL SCHEDULING ORDER (Docket #998)*. The defendant can only assume that the government does not intend to introduce any such statements at trial.

In light of the government's failure to provide notice of any intent to introduce co-conspirator's statements, the Court should issue an order precluding the introduction of co-conspirator statements at trial. Timely disclosure of statement summaries is essential in order to provide the defendant with the information necessary (and thus permit adequate time and opportunity) to effectively challenge the introduction of such statements in limine prior to trial. Furthermore, determination of the admissibility of such statements can be time consuming, and are a matter of vital importance in ensuring the protection of the defendant's right to a fair trial and due process of law. Finally, their disclosure is necessary in order to properly evaluate *Bruton* issues and whether a severance of trials is necessary.

Because the government has failed to disclose the required summaries, Mr. Nochez respectfully requests that the Court preclude the government from introducing co-conspirator statements at trial.

## VI.
## THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM PRESENTING THE INDICTMENT TO THE JURY.

The Court has the discretion as to whether to present the indictment to the jury. *Shayne v. United States*, 255 F.3d 739 (9th Cir. 1958). However, the Jury Instructions Committee of the Ninth Circuit has recommended against doing so. *Ninth Circuit Jury Procedure Manual*, § 4.6. Instead, the Court can fashion both preliminary and final jury instructions to identify the allegations raised against Mr. Nochez. The defense has attached a proposed explanation of the charges to this motion for the Court's review. Accordingly, Mr. Nochez respectfully requests that the Court withhold the indictment from the jury.

## VII.
## THE COURT SHOULD INQUIRE AS TO THE EXISTENCE OF HENTHORN AND NON-JENCKS BRADY MATERIAL AT THE PRETRIAL CONFERENCE.

In its Final Scheduling Order, the Court ordered the government to provide all *Henthorn* material on all law enforcement witnesses to the defense by January 12, 2009. The government has yet to furnish any such material. The lack of production may indicate that the government believes no *Henthorn* material exists. However, in light of the government's numerous failures to comply with the Final Scheduling Order, it is impossible to know whether no *Henthorn* material exists or if the government is simply withholding it. Similarly, no non-*Jencks Brady* material has been produced; that material was due on January 12, 2010. Accordingly, Mr. Nochez requests that the Court inquire as to both of these matters at the pretrial conference.

## VIII.
## THE COURT SHOULD ORDER THE GOVERNMENT TO CONFIRM WHETHER IT HAS COMPLIED WITH ALL ITS DISCOVERY OBLIGATIONS.

Mr. Nochez respectfully requests that the Court order the government to confirm whether it has complied with its discovery obligations pursuant to Federal Rule of Criminal Procedure 16, the orders of this Court, and *Brady* and *Jencks* requirements. The defense makes this request because there are numerous materials the government has yet to provide. It is impossible to know whether the lack of production is because the materials do not exist or the government has failed to comply with its discovery obligations. Specifically, the government has yet to produce any materials identified as *Brady* or *Jencks* material. Similarly, the government has not produced several recordings, explaining that they are simply "missing." The government has indicated that it cannot find the following recordings, and has not indicated whether they will

14

ever be produced: DH015, DH021, D022, DH027, DH037, DH043, DH045, DH064, DH090, DH092, DH093, DH095, DH104, DH108, DH109, DH126, DH130, and DH135.

It is believed that some of these recordings involve confidential informant 1218, likely the star witness in the prosecution's case.[1] It is also possible that several of these recordings relate to the CHP warehouse where the alleged crimes took place. These recordings may therefore contain vital impeachment and exculpatory material that Mr. Nochez is entitled to receive as *Brady* material, or at a minimum under Rule 16 discovery obligations. Needless to say, if the government has substantial discovery that it should have disclosed to the defendant, it is likely that the defendant will be required to request a continuance of the jury trial in order to digest this material, investigate any relevant matters and incorporate this material into its preparation for the defendant's jury trial.

In light of the unexplained absence of vital discovery material, the defense has reason to doubt that the government has met its obligations. Accordingly, Mr. Nochez respectfully requests that the Court order the government to confirm whether it has complied with all discovery obligations.

### **CONCLUSION**

For the foregoing reasons, Mr. Nochez respectfully requests that the Court grant the orders requested herein.

Respectfully submitted,

**Dated: January 25, 2010**          /s/
                                     **SETH P. CHAZIN**
                                     **Attorney for RODIL NOCHEZ**

---

[1] For example, the government describes DH092 as "10132006_uc buy_002" with participants UCA OLIVAS; R. MOLINA; M. LUMANG. Undercover agent Olivas and CI-1218 participated in several of the alleged vehicle buys involving defendants Nochez and Gonzalez.

15

SETH P. CHAZIN (CSBN 133777)
Attorney at Law
Law Offices of Seth P. Chazin
1164 Solano Avenue
Albany, CA 94706
Telephone: (510) 507 - 8100
Facsimile: (510) 525 – 0087

Attorney for Defendant
RODIL NOCHEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>RODIL NOCHEZ, ET AL.,<br><br>DEFENDANTS. | Case No.: CR-08-0730-WHA<br><br>DECLARATION IN SUPPORT OF MOTIONS IN LIMINE |

### DECLARATION OF SETH P. CHAZIN

I, SETH P. CHAZIN, hereby declare under penalty of perjury under the laws of the United States and of the State of California as follows:

    1) I am an attorney at law duly admitted to practice in the State of California and admitted to the bar of this Court. I represent defendant Rodil Nochez in the above-captioned matter. Unless otherwise noted, I make this declaration based on my own personal knowledge, and if called as a witness, I could and would testify competently to the contents hereof.

    2) As of today's date, I have not received the following materials or notices as required by the Court's Final Scheduling Order:

      a)      *Henthorn* material on all law enforcement witnesses whom the government anticipates calling;

      b)      Non-Jencks *Brady* information;

      c)      Any *Brady* material;

      d)      Government's final exhibit list;

      e)      Government's final witness list (with the exception of CI-1218);

      f)      Summaries of co-conspirator statements;

      g)      Summaries of any evidence of other crimes, wrongs, or acts which it intends to offer under Federal Rule of Evidence 404(b); and

      h)      Expert disclosures required by Rule 16(a)(1)(G).

Executed under penalty of perjury of the laws of the United States on January 25, 2010 at Albany, California.

                                                                           **/s/**
                                                          **SETH P. CHAZIN**
                                                          **Attorney for RODIL NOCHEZ**