SETH P. CHAZIN (CSBN 133777)
LAW OFFICES OF SETH P. CHAZIN
Attorney at Law
1164 Solano Avenue
Albany, CA 94706
Telephone: (510) 507 - 8100
Facsimile: (510) 525 – 0087

Attorney for Defendant
RODIL NOCHEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODIL NOCHEZ,<br><br>Defendant. | Case No.: CR-08-0730-WHA<br><br>DEFENDANT NOCHEZ'S TRIAL MEMORANDUM<br><br>PRETRIAL CONF.: FEB. 8, 2010<br>TIME: 1:00 P.M.<br>HONORABLE WILLIAM H. ALSUP |

Defendant RODIL NOCHEZ, by and through his counsel, SETH P. CHAZIN, hereby submits the following trial memorandum.

## STATEMENT OF FACTS

On October 22, 2008, Rodil Nochez was placed under arrest without incident pursuant to an arrest warrant at his residence, 133 Arleta Avenue in San Francisco, California. He is now charged with eight counts of violating 18 U.S.C. § 553(a), knowingly attempting to export a stolen vehicle. Mr. Nochez was joined with more than 30 other defendants, most of them MS-13 members, despite the fact that he himself is not and has never been a gang member. As part of this larger case, the government has produced volumes upon volumes of discovery.

Despite this vast offering of material, no evidence has been produced to conclusively show that Mr. Nochez knowingly attempted to export a stolen vehicle. At worst, the government's evidence indicates that he was merely present when defendant Daniel Gonzalez sold a stolen vehicle to undercover agents. Mr. Nochez then gave Mr. Gonzalez a ride home, as Gonzalez had sold the vehicle he arrived in. No evidence shows that Mr. Nochez received any money for doing so. On the contrary, the evidence demonstrates that Mr. Gonzalez and CI-1218 were the only individuals to receive money from the undercover agents at the alleged vehicle buys.

**A. STATUS**

To date, the government has failed to make numerous disclosures as required by this Court's Final Scheduling Order (Docket # 998), including final exhibit and witness lists and a litany of discovery material (See Defendant Nochez's In Limine Motions). Less than three weeks before trial, Mr. Nochez has no indication of what witnesses will testify in the government's case-in-chief (other than CI-1218), what evidence the government intends to admit or even how long the trial is expected to last. Consequently, it is impossible for Mr. Nochez to make any meaningful assessment of the status of this case at this point in time.

**B. CHARGES**

Mr. Nochez is charged with eight counts of attempting to knowingly export stolen vehicles in violation of 18 U.S.C. § 553(a).

**C. ANTICIPATED EVIDENCE**

As described above, the government has failed to comply with the Court's final scheduling order, making it impossible for Mr. Nochez to anticipate what evidence will be

introduced. Mr. Nochez continues to argue, as he has before, that the Court should strictly hold the government to the terms of its scheduling order and thus prohibit the admission of any evidence or presentation of any witnesses not disclosed in accordance with the court's order. Failing to do so would allow the government to yet again disregard the authority of this Court without consequence.

**D. DISCOVERY**

Mr. Nochez is still awaiting discovery ordered by this Court that is now long overdue. The government has produced no material labeled as *Brady*, Jencks, or *Henthorn* material, all of which were due by now. Production of these materials will undoubtedly induce the defense to conduct in-depth and time-consuming investigation into the issues they present. Therefore, with only 17 days until trial, Mr. Nochez cannot be expected to prepare an effective defense in light of the late production of these documents (assuming the government intends to produce them before trial as ordered by this Court).

**E. STIPULATIONS**

Mr. Nochez is unaware of any stipulations that may be appropriate because the government has yet to indicate what evidence, if any, it intends to offer at trial. Nonetheless, Mr. Nochez will work with the government to reach stipulations where possible once the government has indicated what evidence it wishes to admit.

**F. DEFENSE WITNESSES**

Mr. Nochez is not in a position to provide a list of witnesses at this time because 1) the defense investigation is still ongoing, 2) further discovery is still outstanding, 3) it is not known how the government's evidence will come in, 4) the government has not made many necessary disclosures as ordered by this Court, and 5) defense counsel has not yet decided what, if any, witnesses will be called to testify on Mr. Nochez's behalf.

Furthermore, Mr. Nochez submits that his Fifth and Sixth Amendment rights to a fair trial, due process of law and effective assistance of counsel supports his ability to refrain from declaring such strategic decisions until the government has presented its case-in-chief.  *See Jones v. Mabry*, 476 F. Supp. 311, 313 fn2 (ED Ark. 1979) aff'd without op. 620 F.2d 307 (8th Cir. 1980).  Mr. Nochez will inform the Court at his earliest opportunity once he is able to make final determinations as to what, if any, defense witnesses will be called.

**G.  JURY INSTRUCTIONS**

Mr. Nochez has submitted proposed jury instructions in a separate filing.  The government has yet to propose any jury instructions.  Should the government propose instructions at a later date, Mr. Nochez reserves the right to object to them as he deems appropriate.

**DATED:  January 31, 2010**               _____/s/_____
                                                                 **SETH P. CHAZIN**
                                                                 **Attorney for RODIL NOCHEZ**