SETH P. CHAZIN (CSBN 133777)
LAW OFFICES OF SETH P. CHAZIN
Attorney at Law
1164 Solano Avenue
Albany, CA 94706
Telephone: (510) 507 - 8100
Facsimile: (510) 525 – 0087

Attorney for Defendant
RODIL NOCHEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>RODIL NOCHEZ,<br><br>         Defendant. | Case No.: CR-08-0730-WHA<br><br>TRIAL MEMORANDUM |

## INTRODUCTION

The Court has asked the parties to present briefs regarding the legal grounds, or lack thereof, supporting the government's contention that Mr. Nochez attempted to export stolen vehicles in violation of 18 U.S.C. §553(a). The defense submits the following memorandum citing and explaining the relevant statute, case law and facts.

## ELEMENTS OF ATTEMPT AND EXPORTATION OF STOLEN VEHICLES

18 U.S.C. §553(a, in relevant part, states that: "Whoever knowingly import, exports, **or attempts** to import or export . . . any motor vehicle . . . knowing the same to have been stolen . . . shall be fined under this title or imprisoned not more than 10 years, or both." 18 U.S.C. §553(a) (emphasis added). "The common law meaning of 'attempt' is the specific intent to 'engage in criminal conduct and . . . an overt act which is a substantial step towards committing the crime.'" *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000) (en banc) (citing *United*

*States v. Arbalaez*, 812 F.2d 530, 534 (9th Cir. 1987)("the elements of an attempt are (1) intent to engage in criminal conduct and (2) an overt act which is a substantial step towards commission of the crime."); *see also United States v. Snell*, 627 F.2d 186, 187-88 (9th Cir. 1980) ("A conviction for attempt requires proof of culpable intent and conduct constituting a substantial step toward commission of the crime that strongly corroborates that intent").

The "crime of attempt requires a showing of ''specific intent even if the crime attempted does not.`'" *Gracidas-Ulibarry*, 231 F.3d at 1192 (citing *United States v. Hadley*, 918 F.2d 848, 853 (9th Cir. 1990)).  Accordingly, the Ninth Circuit has "held that Congress' use of the term 'attempts' in a criminal statute manifested a requirement of specific intent to commit the crime attempted." *Gracidas-Ulibarry*, 231 F.3d at 1192.  To possess the requisite specific intent, the defendant "must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting."  *United States v. Mandujano*, 499 F.2d 370, 376 (5th Cir. 1974) (citations omitted). Furthermore, "[s]pecific intent requires not simply the general intent to accomplish an act with no particular end in mind, but the additional deliberate and conscious purpose of accomplishing a specific and prohibited result . . . [m]ere knowledge that a result is substantially certain to follow from one's actions is not sufficient to form the specific intent to torture." *Pierre v. Attorney General of the United States*, 528 F.3d 180, 189 (3d Cir. 2008) (en banc).  *See also United States v. Bailey*, 44 U.S. 394, 405 (1980) (holding that "'purpose' corresponds loosely with the common-law concept of specific intent, while 'knowledge' corresponds loosely with the concept of general intent").

Attempt also requires that the defendant take a substantial step toward committing the crime: "'there must be some appreciable fragment of the crime committed, [the crime] must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter.'" *Mandujano* at 376 (citing *People v. Buffum*, 40 Cal.2d 709, 717 (1953) (overturned on other grounds)); *see also United States v. Buffington*, 815 F.2d 1292, 1302 (9th Cir. 1987).  Furthermore, this substantial step "must be conduct strongly corroborative of the firmness of the defendant's criminal intent." *Mandujano* at 376 (citations omitted).

While the defense has yet to find a Ninth Circuit case with a similar fact pattern, there are several that are illustrative of what does and does not constitute a substantial step. In one such case, *United States v. Yossunthorn*, defendant Mekvichitsang was charged with attempting to possess with intent to distribute heroin, among other crimes. 167 F.3d 1267, 1269 (9th Cir. 1998). Mekvichitsang had contacted his heroin supplier, who was cooperating with the government, and asked for delivery of a quantity of heroin at a local McDonald's. *Id*. The supplier refused to meet at the requested time. *Id*. Mekvichitsang was then observed at the McDonald's, apparently conducting counter-surveillance to determine whether it would be a good site for the eventual exchange. *Id*. He was then arrested, charged and convicted of attempting to possess with intent to distribute heroin. *Id*. On appeal, Mekvichitsang argued that he made no substantial step toward possessing with intent to distribute heroin. *Id*. at 1270. Despite Mekvichitsang's deal to purchase drugs from the cooperating supplier, the Ninth Circuit overturned the convictions because, in part, the supplier and Mekvichitsang had not yet agreed upon the quantity of heroin to be sold or the delivery time and method. *Id*. at 1272. The Court went on to state that "[t]he fewer elements of the drug transaction are agreed upon, the more remains to be done for the possession to be realized." *Id*. at 1272 fn. 5.

Here, Mr. Nochez is charged with eight counts of attempted exportation of stolen vehicles. As the Court is aware, the government has yet to complete its case-in-chief. The testimony presented so far has focused on the theft of the vehicles, which are crimes not charged in the indictment. However, based on testimony presented thus far and discovery produced by the government, the defense expects no evidence will be offered to show that any party, whether it be government agents, the defendant, or his former co-defendant, ever took a substantial step toward exporting a vehicle. Similarly, the defense expects no evidence to show that Mr. Nochez had the specific intent to export any vehicle. Lastly, the defense believes the government will present no evidence regarding an actual deal to export or even preparations made to export vehicles (e.g., terms of export, site and time of delivery abroad, cost of transportation).

In this vein, the defense offers the following hypothetical to the Court. Suppose a drug dealer sold drugs to an undercover agent who, prior to completion of the sale, indicated that he

would take the drugs he received from the dealer across an international border. Would the dealer then be culpable for attempted exportation of controlled substances? If so, could the undercover agent not invent any story he likes regarding what he intends to do with the drugs, thus inculpating the dealer of any number of attempted crimes? This slippery slope cannot be the intended use of attempt, hence the requirement that the defendant both possess specific intent to commit the crime attempted and take substantial step toward committing the actual crime for which the defendant is charged with attempting. *See Mandujano* at 376.

In light of the definition of attempt and its application in the Ninth Circuit, the jury should be carefully instructed as to the government's burden. The jury should be made aware that the government must prove beyond a reasonable doubt that 1) Mr. Nochez had the specific intent to export the vehicles in question and 2) Mr. Nochez took a substantial step toward exporting those vehicles. The jury should also be advised that Mr. Nochez is charged with attempted exportation of stolen vehicles, **not** with stealing the vehicles, rendering any evidence that Mr. Nochez stole any vehicle irrelevant in determining whether he is guilty of the crimes charged. Accordingly, the jury must be instructed that for a substantial step to have been made by Mr. Nochez, there must have been some terms of export agreed upon (e.g., cost, time and site of delivery). *See Yossunthorn* at 1272.

Respectfully submitted,

**Dated: March 4, 2010**

                                         /s/
**SETH P. CHAZIN**
**Attorney for RODIL NOCHEZ**