IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

RODIL NOCHEZ, et al.

    Defendants.
                               /

No. CR 08-0730 WHA

**ORDER RE DEFENDANT NOCHEZ'S MOTIONS TO EXCLUDE GOVERNMENT TRANSCRIPTS**

This gang prosecution alleges 59 counts against 29 defendants arising from alleged actions of the Mara Salvatrucha gang, also known as MS-13. The alleged offenses include murder, racketeering conspiracy, conspiracy to commit murder, various crimes of violence, narcotics offense, conspiracy to commit robbery, illegal possession and dealing of firearms and attempted exportation of stolen vehicles, among others. Over a year ago, the government produced to defendants a large quantity of Spanish language audio recordings, consisting of body wire recordings of group conversations, consensual phone call recordings and jail calls.

In anticipation of disputes between the government and defendants regarding the accuracy of the translation of these recordings, the final scheduling order in this action stated that before each trial, all translations or transcripts of conversations or statements to be shown to or used with the jury were required to be provided by the government and by defendants to all other parties (Dkt. No. 998 at 7). The stated purpose of the requirement that the parties exchange transcripts in advance of trial was to allow the Court to hear any motions directed to the accuracy of translations and transcripts before trial.

This procedure is in accord with the Ninth Circuit's holdings regarding the proper way to deal with foreign language transcripts. When recordings are in English, they normally

constitute the actual evidence and transcripts are used only as aids to understanding the recordings; the jury should be instructed that if the recordings and transcript vary, the recording is controlling. When the recording is in a foreign language, however, such an instruction is "not only nonsensical, it has the potential for harm where the jury includes bilingual jurors." *United States v. Fuentes-Montijo*, 68 F.3d 352, 355–56 (9th Cir. 1995). In *United States v. Franco* 136 F.3d 622, 626 (9th Cir. 1998), the Ninth Circuit held that the correct procedure is for both sides to have the opportunity to produce competing transcripts to the jury. Both the recording and the transcripts themselves are received into evidence. Counsel are allowed to argue as to the meaning of the conversations. Whether a transcript is an accurate translation, in whole or in part, is then left for the jury to decide considering the knowledge, training and experience of the translator, the audibility of the recordings, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

Because of their large number, defendants in the present matter are proceeding to trial in stages. Defendant Rodil Nochez is charged only with eight counts of attempted exportation of a stolen vehicle in violation of 18 U.S.C. 553(a) and (2). He is being tried separately from the other defendants (his co-defendant Daniel Gonzalez, who was also charged with only the same eight counts, having pleaded guilty).

On January 6, 2010, the government disclosed that it intended to use a Spanish-language recording labeled DH102 in its case-in-chief. On February 4, 2010, the government disclosed that it intended to use recordings DH097, DH098, DH099, and DH103 in its case-in-chief. At the February 8 pretrial conference, the United States stated that it intended to introduce translations/transcripts of DH99 and DH102 in its case-in-chief, and intended to play the other recordings with video only. The government had produced draft transcripts for DH99 and DH102 on December 24, 2008 (Dkt. No. 1291).

Defendant Nochez did not — as envisioned by the final scheduling order — present his own versions of these transcripts (although he has had sufficient time and CJA funds to prepare them), and did not meet and confer with the government to identify and correct any perceived inaccuracies with the government's transcripts. He instead moved to exclude the transcripts,

1 first on the grounds that they were disclosed after the deadline of December 22, 2009, as set in the final scheduling order. This motion was denied on the grounds that defendant Nochez's trial was continued from February 17 to March 2, and this continuance was sufficient to cure any prejudice as a result of the late disclosure.

Defendant Nochez then moved to exclude the transcripts on the grounds that the recordings were of such poor quality that the voices were inaudible and the transcriptions thus inherently unreliable. At the pretrial conference, the government proffered that it could establish the accuracy of the transcripts through its agent who was fluent in English and Spanish, was familiar with the identities of the speakers who were recorded, and had reviewed the transcripts for accuracy. This was sufficient for the government to establish a prima facie case for their accuracy for purposes of admissibility, especially because defendant Nochez did not identify any specific inaccuracies with the recordings, offered no counter-translations, and merely generally alleged possible inaccuracy with largely conclusory allegations. This was plainly inadequate to warrant exclusion of the transcripts.

In *United States v. Abonce-Barrera*, 257 F.3d 959, 962–63 (9th Cir. 2001), the Ninth Circuit reviewed a district court's decision to admit the government's transcriptions and translations as exhibits into the jury room over defendant's argument that the recordings were of such poor quality and the process of transcription so problematic that the district court should have ordered the wholesale exclusion of the recordings. The Ninth Circuit noted that it reviewed whether the following steps were taken to ensure the accuracy of the transcriptions and their translations: (1) whether the district court reviewed the transcriptions and translations for accuracy, (2) whether the defense counsel had the opportunity to highlight alleged inaccuracies and to introduce alternative versions, and (3) whether the jury was allowed to compare the transcript to the recording and hear counsel's arguments regarding the conversations' meaning. The Ninth Circuit noted that it was not abuse of discretion to admit the recordings into evidence even where the trial judge did not review the recordings for accuracy because he was not fluent in Spanish and no agent involved in the conversation was available to testify as to its accuracy.

3

On February 19, with a little over a week left before the start of trial, defendant Nochez moved for reconsideration of his motion to exclude the transcripts on the grounds that he and his counsel had reviewed the recordings and government transcripts and found numerous alleged errors in the transcripts. However, rather than provide to the United States copies of his own transcriptions and translations of the recordings and conferring with the government to attempt to resolve disagreements and arrive at stipulated transcripts, defendant Nochez instead filed his list of alleged errors *ex parte* and under seal. Defendant Nochez, on the one hand, sought to exclude the government's transcripts on the grounds that they were inaccurate but, on the other hand, moved to keep the supposed inaccuracies secret from the government on the grounds that they revealed attorney work product, attorney-client communications, and defense strategy.

Although the under seal and ex parte treatment was allowed (to preserve any work product counsel thought was there), his motion for reconsideration was denied without prejudice on the grounds that he could not sandbag the government by seeking to exclude its transcripts through a secret showing. It would be unfair to use the under seal, ex parte procedure in this way. The secret showing of alleged errors had not been provided to the government and the government had no way to rebut it. Defendant Nochez's motion for reconsideration did not conform with either the final scheduling order or the non-secret procedure for ensuring that translations were accurate approve by the Ninth Circuit wherein a the government and defense counsel exchange transcriptions and translations before trial and confer on disputed portions. *Abonce-Barrera*, 257 F.3d at 963–64.

On February 28, 2010, two days before the beginning of trial, defendant Nochez moved a second time for reconsideration of his motion to exclude the transcripts. This time he made a public filing so the government could see the errors he had allegedly identified. Defendant Nochez, however, did not identify errors regarding the *content* of what was said on the recordings. Rather, he contested *who* said it, identifying about 30 instances in which a statement was attributed by the government to defendant Nochez rather than the alleged real speaker.

4

Defendant Nochez also protested that the government had three times in the previous week notified him of corrections they were making to the transcripts themselves based on their further review, including reassigning the identity of some speakers. Defendant Nochez argued that these last minute edits cast doubt on the validity of all the attributions made by the government and justified excluding the transcripts.

Defendant Nochez's second motion for reconsideration was denied. Because defendant Nochez identified alleged errors primarily regarding the attributions of the speakers on the recordings, not the accuracy of the translations of the content of what they said, he could not show that the recordings and transcripts were of such poor quality and the process of translation and transcription so problematic as to warrant the wholesale exclusion of the recordings. Instead, both the transcripts and the recordings would be admitted into evidence, and defendant Nochez's counsel allowed to highlight alleged inaccuracies, introduce alternative versions, cross-examine the government's translator, and argue to the jury regarding the true meaning of the recordings. Identifying who are the speakers on a recording — even a foreign language recording — is well within the province of the fact-finding function of the jury.

Defendant Nochez argued that a pretrial evidentiary hearing was necessary to examine the government's translator regarding his knowledge, training and experience and how the translation was made. But these are classic fact issues of proof for the jury, not the judge. Defendant Nochez will have ample opportunity to cross-examine the translator at trial.

**IT IS SO ORDERED.**

Dated: March 5, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE