IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CR 08-730 WHA

  v.

RODIL NOCHEZ,

    Defendant.
                                /

**COURT'S PROPOSED CHARGE TO THE JURY
[AND SPECIAL VERDICT FORM]**

**FIRST DRAFT**

Appended hereto are copies of the draft charge to the jury and special verdict form given to both sides on March 5, 2010, for discussion with the Court at the charging conference to be scheduled. The proposed charge is based on the way the trial has developed so far, taking into account issues that have emerged and receded and concessions by counsel. Subject to the upcoming charging conference and any additional developments during the remainder of trial, the Court believes the proposed charge adequately and fairly covers all issues actually

still in play. Therefore, in order to give the district judge a fair opportunity to correct any error as matters now stand, counsel must, at the charging conference, bring to the judge's attention any additions, subtractions or modifications or other objections or proposals for the jury instructions as to which counsel are already on notice. Otherwise, all such points shall be deemed waived and it will not be sufficient merely to argue after the verdict that a proposed instruction filed earlier in the proceedings somehow was not adopted. Rather, any such proposal that counsel still cares about must be raised anew at the charging conference. The charging conference shall be conducted so as to give full and fair opportunity for counsel to raise any and all objections and proposals. Any proposed additions, subtractions or modifications submitted after the charging conference must be based on new developments during the remainder of the trial.

### 1.

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

I will now discuss general rules for your deliberations.

### 2.

The charges against defendant are set forth in the indictment. The indictment itself is not evidence and it will not be in the jury room during your deliberations. I will tell you in these instructions what the counts are against defendant.

Defendant has pleaded not guilty to the charges against him. Defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence and you may not draw any adverse inference from the fact that defendant did not testify. Thus, defendant began the trial with a "clean slate" — with no evidence against him. The government has the burden of proving every element of the offenses here beyond a reasonable doubt. Anytime I say in these instructions that the government has the burden of proof, it means proof beyond a reasonable doubt.

### 3.

Let me explain what "proof beyond a reasonable doubt" means. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that defendant is guilty. It is not

enough for the government to prove that it is "more likely than not" that defendant is guilty. It is not required, however, that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that defendant is guilty as charged, it is your duty to find defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that defendant is guilty as charged, it is your duty to find defendant guilty.

4.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness; and
2. The exhibits which have been received into evidence.
3. Any facts to which all the lawyers have stipulated.

5.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question

by itself is not evidence. Consider it only to the extent it is adopted by the answer. In this connection, if counsel appeared to be reading from a document not in evidence, any such material read out loud by counsel is not evidence. Only what the witness said under oath in response to counsel's questions is evidence.

3. Objections by lawyers are not evidence. Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the federal rules of evidence. You should not be influenced by any question, objection or the Court's ruling on it.

4. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.

5. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received during the trial.

6.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

In this case, if the circumstantial evidence permits two reasonable interpretations, one of which points to defendant's guilt and the other to his innocence, you must adopt that

interpretation that points to defendant's innocence and reject that interpretation that points to his guilt. If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

You should consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

7.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The ability of the witness to remember the events testified to;
3. The witness' manner while testifying;
4. The witness' interest in the outcome of the case and any bias or prejudice;
5. Whether other evidence contradicted the witness' testimony;
6. The reasonableness of the testimony in light of all the evidence; and
7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should consider all of the evidence, according each item of evidence such weight as you think it deserves.

8.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

9.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars. It is always, however, up to you to decide how much weight to give any testimony by any witness.

10.

You have heard testimony from witnesses who have been convicted of a felony. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

11.

You have heard testimony from informants who were involved in the government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and undercover agents, in order to apprehend persons engaged in criminal activities. Undercover agents and informants may properly make use of false names and appearances and may properly assume the roles of members in criminal organizations.

12.

You have heard testimony from witnesses who entered into a cooperation agreement with the government. This means that they agreed to cooperate with the government and to testify on the government's behalf in exchange for a benefit from the government in the form of a recommendation for a reduced sentence in connection with this case.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether the witnesses' testimony may have been influenced by any of these factors. In addition, you should examine their testimony with greater caution than that of other witnesses.

13.

You have heard evidence about a gang called MS-13, which evidence both counsel have presented to establish certain background facts. Be aware, however, that defendant Nochez is not charged with being a gang member or being involved with racketeering activities on behalf of any gang. The charges in this case relate solely to attempted exportation of stolen vehicles.

14.

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all other evidence in the case.

15.

[INSERT INSTRUCTION RE CO-DEFENDANT GONZALEZ; JURY SHOULD NOT SPECULATE; TO BE SUBMITTED BY PARTIES]

16.

You have heard evidence of defendant's character for [e.g., truthfulness, peacefulness, honesty, etc.]. In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.

17.

You heard certain audio recordings in Spanish. The transcripts of these recordings were also provided to you by the government so that you could consider the content of the recording. The transcripts are an English translation of the Spanish language audio recording. As I told you, the transcripts are evidence subject to objections. The transcripts or portions of the transcripts may have to be evaluated by you for accuracy. Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, the audibility of the recordings, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. The recordings have been received into evidence. If during your deliberations you desire to hear a recording played, you may so request. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

18.

You also heard English language recordings that have been received in evidence. Each of you was given a transcript of the English language recordings to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that for an English language recording, the recordings itself is the evidence, not the transcript. If you heard something different from what appears in the English language transcript, what you heard is controlling.

19.

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crimes alleged. You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to these factors, in evaluating eyewitness identification testimony, you may also take into account:

1. the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;
2. whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;
3. any inconsistent identifications made by the eyewitness;
4. whether the witness had known or observed the offender at earlier times; and
5. the totality of circumstances surrounding the eyewitness's identification.

20.

You are here to determine whether defendant is guilty or not guilty of the crimes charged in this case. Your determination must be made only from the evidence received at the trial. Defendant is on trial only for the crimes charged in the indictment, not for any other activities. Defendant is *not* on trial for any conduct or offense *not* charged in this case. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of defendant, *only* as they relate to the charges against him.

21.

It is important for you to understand that defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that defendant in this case did not testify.

You have heard testimony that defendant made statements. It is for you to decide (1) whether defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which defendant may have made it.

22.

A separate crime is charged against defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

23.

You are free to deliberate over the counts in any order you think most effective. You may possibly determine that certain counts ought to be considered in light of each other and consider them out of strict numerical sequence. To repeat, you are not required to address them in strict numerical sequence, so long as you decide all of the counts eventually.

24.

I will now instruct you on specific counts or offenses on which defendant stands accused in this case. The indictment charges eight counts of attempted exportation of a stolen vehicle in violation of Title 18, United States Code, Sections 553(a) and 2.

You have heard evidence that defendant stole motor vehicles. It is not enough for the government to prove that defendant stole motor vehicles. Because we are in federal court and the government must prove a federal crime charge, the government must prove that defendant Nochez attempted to export vehicles knowing they had been stolen. The term "to export" means "to send, take, transport or carry out of the country."

Title 18, United States Code, Sections 553(a), prohibits knowingly attempting to export any motor vehicle, knowing the same to have been stolen."

In order for defendant to be found guilty of any count of attempted exportation of a stolen vehicle in violation of Title 18, United States Code, Sections 553(a), the government must prove each of the following elements beyond a reasonable doubt as to that count:

1. on or about the date indicated in the count, defendant intended to export the motor vehicle identified in that count,

2. defendant did something that was a substantial step toward committing the crime of exportation of that vehicle, with

all of you agreeing as to what constituted the substantial step.

    3    defendant knew the vehicle had been stolen.

Mere preparation is not a substantial step toward the commission of the crime of attempted exportation of a stolen vehicle.

25.

Count One charges defendant with unlawfully, knowingly, and intentionally attempting to export a motor vehicle on November 17, 2006, to wit, a 2003 Toyota Matrix, VIN 2T1KR32E54C072265, knowing the motor vehicle to have been stolen.

Count Two charges defendant with unlawfully, knowingly, and intentionally attempting to export a motor vehicle on November 22, 2006, to wit, a 2001 Toyota 4Runner, VIN JT3HN86RX10341372, knowing the motor vehicle to have been stolen.

Count Three charges defendant with unlawfully, knowingly, and intentionally attempting to export a motor vehicle on November 28, 2006, to wit, a 2000 Toyota 4Runner, VIN JT3HN86R7Y0279911, knowing the motor vehicle to have been stolen.

Count Four charges defendant with unlawfully, knowingly, and intentionally attempting to export a motor vehicle on January 9, 2007, to wit, a 2002 Toyota 4Runner, VIN JT3GN86R120224003, knowing the motor vehicle to have been stolen.

Count Five charges defendant with unlawfully, knowingly, and intentionally attempting to export a motor vehicle on January 9, 2007, to wit, a 2002 Toyota Tacoma, VIN 5TEGN92N42Z137331, knowing the motor vehicle to have been stolen.

Count Six charges defendant with unlawfully, knowingly, and intentionally attempting to export a motor vehicle on January 17, 2007, to wit, a 2003 Toyota Tacoma, VIN 5TEGN92N81Z879763, knowing the motor vehicle to have been stolen.

Count Seven charges defendant with unlawfully, knowingly, and intentionally attempting to export a motor vehicle on January 17, 2007, to wit, a 2003 Toyota Tacoma, VIN 5TEWN72N63Z194342, knowing the motor vehicle to have been stolen.

Count Eight charges defendant with unlawfully, knowingly, and intentionally attempting to export a motor vehicle on January 17, 2007, to wit, a 2003 Toyota Tacoma, VIN 5TEGN92N03Z166312, knowing the motor vehicle to have been stolen.

Again, the accusations in the indictment are not proof of guilt. It is the government's burden to prove each element of the crime alleged beyond a reasonable doubt with actual evidence received here at this trial.

26.

An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that defendant knew that his acts were unlawful. You may consider evidence of defendant's words, act or omissions, along with all the other evidence, in deciding whether defendant acted knowingly.

27.

Now, I turn to a form of criminal liability called "aiding and abetting," which is defined in Title 18, United States Code, Section 2.

Section 2 of Title 18, United States Code, states, "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

It is not enough that defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that defendant acted with the knowledge and intention of helping that person commit the crime of attempted exportation of a stolen vehicle.

28.

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that defendant committed the crime of attempted

11

exportation of stolen vehicles, unless you find that defendant was a participant and not merely a knowing spectator. Defendant's presence may be considered by the jury along with other evidence in the case.

29.

The government has the burden of proving beyond a reasonable doubt that defendant was not entrapped. The government must prove the following: that defendant was predisposed to commit the crime before being contacted by government agents, or that defendant was not induced by the government agents to commit the crime.

Where a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime. In determining whether defendant was predisposed to commit the crime, you may consider the following:

1. defendant's character and reputation,
2. whether the government initially suggested criminal activity,
3. whether defendant engaged in activity for profit,
4. the nature of the government's inducement, and
5. any other factors related to predisposition.

30.

Defendant claims he was entrapped by a government agent. Whether or not Jamie Martinez was acting as a government agent in connection with the crimes charged in this case, and if so, when he began acting as a government agent, are questions for you to decide. In deciding those questions you should consider that, for purposes of entrapment, someone is a government agent when the government authorizes, directs, and supervises that person's activities and is aware of those activities. To be a government agent, it is not enough that someone has previously acted or been paid as an informant by other state or federal agencies, or that someone expects compensation for providing information.

In determining whether, and when, someone was acting as a government agent for purposes of this case, you must look to all of the circumstances existing at the time of that person's activities in connection with the crimes charged in this case, including but not limited to the nature of that person's relationship with the government, the purposes for which it was understood that person might act on behalf of the government, the instructions given to that person about the nature and extent of permissible activities, and what the government knew about those activities and permitted or used. This is not an exhaustive list of the factors to be considered, but provides examples of the types of factors you should consider in deciding whether and when a person was acting as a government agent when engaging in activities in connection with the crimes charged in this case.

31.

The punishment provided by law for the alleged crimes is for the Court to decide, if a guilty verdict is returned. You may not consider punishment in deciding whether the government has proven its case against defendant beyond a reasonable doubt. Punishment is an entirely separate matter not relevant here and on which you should not speculate or base your decision in any way.

32.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each count, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations. However, you may deliberate over the counts in any order you wish and you do not need to address the questions in the precise order listed.

33.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes. When you go into the jury room, the Clerk will bring you the trial exhibits received into evidence to be available for your deliberations. The Clerk will also provide you with an index to the exhibits.

34.

When you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;
2. An index to the exhibits;
3. A work copy of these jury instructions for each of you;
4. A work copy of the verdict form for each of you; and
5. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

35.

In your deliberations it is usually a mistake to take a straw vote early on. This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging in their heels. Rather, it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote. In this way, all the viewpoints will be on the table before anyone expresses a vote. These are merely recommendations, however, and it is up to you to decide on how you wish to deliberate.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note

through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of defendant, until after you have reached a unanimous verdict or have been discharged.

36.

You have been required to be here each day from 7:45 a.m. to 1:00 p.m. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 a.m. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

37.

You may only deliberate when all twelve of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

38.

Some of you are serving as alternate jurors. As such, you will not be deliberating with the rest of the jury at the outset. You will leave before the jury begins its deliberations. You may, however, be called in to replace one of the jurors. Your responsibilities as an alternate therefore remain in effect. This means you are not to discuss this case with anyone until you

15

join the regular jury in deliberations or until a verdict is returned and I expressly release you from service. If it becomes necessary to have you replace a juror, you will be asked to return to the court. You will then be sworn into the main jury and you and the rest of the jury will begin deliberations anew. If you will not be needed, you will be notified as soon as the Court itself makes that determination.

Sometimes alternate jurors are tempted to tell the main twelve jurors how they feel about the case before they leave and sometimes the main twelve jurors are tempted to seek the input of the alternates before the alternates leave. No, you must not do this. The twelve jurors may not receive or consider the views of the alternates unless and until, if ever, one or more alternates are sworn into the main jury.

39.

If and when you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the master copy of the verdict form and advise the Court through the marshal that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.

I am about to ask all of you to return to the jury room. Our alternate jurors should first proceed to the jury room and retrieve their personal items and return to work or home, as the case may be. As soon as they have done so, the marshal will then escort the remaining twelve jurors to the jury room. Please do not begin your deliberations until all twelve of you are in the jury room together and the alternate jurors have left. The Clerk will bring the trial exhibits into the jury room. Thank you all for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated:

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE