IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING RODIL NOCHEZ'S MOTION FOR RETURN OF PROPERTY** |
| RODIL NOCHEZ, | |
| Defendant. | |

**INTRODUCTION**

Pursuant to FRCrP 41(g), Rodil Nochez seeks return of his property seized during the execution of a search warrant of his home on October 22, 2008. For the reasons stated herein, Mr. Nochez's motion is **DENIED**. The undersigned, however, will issue a notice to all remaining defendants in the action to determine whether they will stipulate to use of a copy of the hard drive of Mr. Nochez's laptop computer so that the original laptop computer may be returned to Mr. Nochez.

**STATEMENT**

As part of a larger RICO/VICAR prosecution, Mr. Nochez was charged with eight counts of attempted exportation of a stolen vehicle, in violation of 18 U.S.C. 553(a). In connection with these charges, on October 22, 2008, ICE agents executed a federal search warrant for Mr. Nochez's residence in San Francisco, California, and seized: (1) a Dell laptop computer; (2) two bags of "miscellaneous documents/indicia"; (3) a Motorola cell phone; (4) a Samsung cell phone; and (5) a Nokia cell phone.

All defendants in the action that were not charged with RICO conspiracy were scheduled to proceed to trial before any of the defendants charged with RICO conspiracy. Consequently, Mr. Nochez proceeded to trial on March 2, 2010. Although Mr. Nochez was thereafter acquitted of the charges against him, twenty defendants remain in the action and are scheduled to proceed to trial in March 2011.

**ANALYSIS**

FRCrP 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." If, however, the government's need for the property as evidence continues, a motion for return of property is properly denied. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). Here, the government claims that Mr. Nochez's property must be retained because it constitutes evidence or contains evidence needed for the trial of the remaining twenty defendants. Specifically, the government asserts a continued need for the following items:

(1) Electronic photographs saved on Mr. Nochez's laptop computer, including photographs of a firearm, an individual's torso bearing an MS-13 tattoo, Mr. Nochez posing with Douglas Largaespada, and Mr. Largaespada throwing MS-13 gang sings;

(2) Miscellaneous documents manifesting Mr. Nochez's habitation and control of the location searched;

(3) A photograph of alleged MS-13 member Darwin Flores with the words "Salvatrucha 100%" and "Yo Yo MS" written on it;

(4) An electronic photograph of an unidentified individual's torso with a large gang tattoo on it, located on Mr. Nochez's Motorola cell phone;

(5) The internal memory of Mr. Nochez's Samsung cell phone, which contains entries under monikers such as "Snoop" and "Cameron" and electronic photographs of individuals throwing gang signs; and

(6) The internal memory of Mr. Nochez's Nokia cell phone, which contains entries under monikers such as "Cyper," "Pelon," and "Droops" (Opp. 4).

According to the government, these materials are "highly relevant to proving the existence of MS-13 as a racketeering enterprise" and are needed for its case against the remaining defendants (*ibid.*). Mr. Nochez has failed to rebut this claim. Except for arguing that the evidence derived from Mr. Nochez's property may be cumulative, Mr. Nochez does not provide any basis for the undersigned to reject the government's asserted evidentiary interest in the property. Accordingly, Mr. Nochez's request for return of property is **DENIED**. The government has an evidentiary need in the property.

Even so, Mr. Nochez has expressed a plausible personal need for return of his laptop computer and if the government's legitimate evidentiary interests can be otherwise satisfied, then continued retention of the laptop computer would become unreasonable. Fed. R. Crim. P. 41, Advisory Committee's Note to 1989 Amendments. The government has stated that it would be amenable to returning Mr. Nochez's laptop computer if the remaining defendants in the action stipulate that the government may use a copy of the hard drive from Mr. Nochez's laptop computer and waive any chain-of-custody objections based on the unavailability of the original laptop computer. Accordingly, the undersigned will issue a notice to all remaining defendants requesting their stipulation or objection to use of a copied hard drive. If there is full agreement among the remaining defendants that the government may use a copy of the hard drive, the laptop computer may be returned to Mr. Nochez. Otherwise, the laptop computer will not be returned until the government's evidentiary need for it ends.

## CONCLUSION

For the reasons stated herein, Mr. Nochez's motion is **DENIED**. Nonetheless, to see if a compromise may be reached, a notice will be issued to all remaining defendants soliciting their position on the use of a copy of the hard drive of Mr. Nochez's laptop computer.

**IT IS SO ORDERED.**

Dated: September 28, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE